THE STATE, for the use of PUTNEY, v. HICKS and Others.

To deny oyer where it ought to be granted is error, but not *e converso.*

In an action on a sheriff's bond against the principal and his sureties, for money collected by the sheriff on an execution in favour of the plaintiff, the defendants cannot plead that there is no judgment on which the execution issued.

Saturday,
November 6.

APPEAL from the *Scott* Circuit Court.

SCOTT, J.—This record presents the following case: In the year 1827, while *Hicks* was sheriff of *Scott* county, an action was brought against him and his sureties, on his official bond, at the instance of *Thomas M'Cament,* and for his benefit. On the 19th of *July,* in that year, judgment was rendered for 5,000 dollars, the penalty of the bond, and damages were assessed in favour of *M'Cament,* to the amount of 26 dollars and 47 cents. On the 11th of *December,* in the same year, *Richard E. Putney* sued out of the office of the clerk of the *Scott* Circuit Court, and placed in the hands of *Hicks,* an execution of fieri facias against *Daniel W. Griffith* and his sureties on a replevin-bond for the sum of 122 dollars and 82 cents, which money *Hicks* collected on said execution, and refused to pay over to *Putney,* the execution-plaintiff, on request. On the 18th of *March,* 1829, *Putney* sued out, in the name of the state of *Indiana,* his scire facias against *Hicks* and his sureties, to recover the amount collected on his execution, under the provisions of the statute of 1824. The defendants craved oyer of the judgment or replevin-bond on which the execution issued, and demurred to the scire facias. The demurrer was overruled. They then filed two pleas; first, that there was not any record of the said supposed judgment and replevin-bond, on which the said execution was issued;

and, secondly, that, before the suing out of the scire facias, the plaintiff had instituted a proceeding by motion, in the *Scott* Circuit Court, against the defendant *Hicks* for the same demand; which proceeding was still depending and undetermined. There was a demurrer to the first plea. To the second the plaintiff replied *nul tiel record*, on which issue was joined, and judgment on that issue was for the plaintiff. The demurrer to the first plea was overruled, and judgment rendered for the defendants; and to reverse that judgment is the object of this appeal.

Two special errors are assigned; 1st, that the Court erred in granting oyer of the judgment or replevin-bond; and, 2dly, that the validity of the judgment or replevin-bond could not be inquired into by the defendants in this suit. We think there is nothing in the first assignment. To deny oyer where it ought to be granted is error, but not *e converso*. Tidd's Pr. 530.—2 Ld. Raym. 970.—See, also, 2 Salk. 497.—2 Str. 1186.—1 Wils. 16 (I). The second assignment rests on better authority. In the case of *Wakefield* v. *Lithgow*, 3 Mass. Rep. 251, it was decided, that where a sheriff has collected money on an execution, he is bound to pay it over to the execution-plaintiff on demand. Where the writ is from a Court of competent jurisdiction, an error or irregularity in the rendition of the judgment, or in the previous proceedings, furnishes no excuse to the officer for withholding the money. The sheriff recognized the legality and authority of the execution by acting upon it; and, after having collected the money, it is not for him to say that the writ was illegal or unauthorised by the judgment. In the case of *Smith* v. *Bowker*, 1 Mass. Rep. 81, it was held that the officer is not holden to look beyond his execution; and, whether the judgment be erroneous or not, is a question with which he has nothing to do. See, also, *The People* v. *Waters*, 1 Johns. Cas. 137. The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Stevens*, for the appellant.
*Thornton*, for the appellees.

(1) *Osborne et al.* v. *Reed*, Vol. 1. of these Rep. 126. The party to whom oyer is improperly granted cannot complain, the error being to his advantage. 2 Ld. Raym., cited in the text.