By the Court,

Nelson, Ch J.
The only question in this case is, whether the plaintiff permitted the goods purchased at the sheriff’s sale to remain an unnecessary or unreasonable time upon the premises of the defendant in the execution, so as to subject them to the payment of the rent for the satisfaction of which they were seized by virtue of the distress warrant. The goods consisted of household furniture, which could readily have been removed, and no reason or excuse for the delay was offered on the part of the plaintiff. It was not necessary that he should have delayed the removal until a formal bill of sale was delivered to him by the sheriff; and it does not appear that an objection was made to the removal on that ground. Goods levied upon by execution are considered in custodia legis until the proper time for the sale, and a reasonable time after the sale for the. purchaser to remove them (Peacock v. Purvis, 2 Brod. & Bing. 362; l Maule & Sel. 711; Bradby on Dist. 84). What is a reasonable time is a question of law, when there is no dispute about the facts. There is none here, and I can not say that the judge erred in the opinion expressed at the trial. It is apparent from the evidence that the removal of the goods could have been effected in a few hours; the whole of Monday was clearly a sufficient length of time for that purpose.
New trial denied.