THE STATE, on the Relation of YATER, *v.* HAMILTON and Others.

SHERIFF.—*Suit on Official Bond.*—*Pleading.*—Where a sheriff, having in his hands two executions, one against A. and B. jointly, and the other against B. alone, levied them upon land belonging to A. and wrongfully applied a portion of the proceeds upon the execution against B. alone;

*Held,* in a suit by A. on the sheriff's official bond, to recover the amount so wrongfully applied, that it was not necessary to aver or set out in the complaint the judgments on which such executions issued.

SAME.—*Estoppel.*—Where, prior to such levy, divers judgments had been rendered against A. and B. jointly as partners, and executions thereon had been placed in the hands of said sheriff, and, at the time of such levy, the sheriff told A. that he had executions against him and B., but did not exhibit them, and A., supposing that they were against him and B. jointly, and having no knowledge of the execution against B. alone, and no connection with the judgment on which it was issued, directed the levy on said land, and the sheriff, without discovering to A. the fact that one of said executions was against B. alone, levied it on said land, and A., having first learned such fact on the day of sale, attended the sale and there publicly forbade the selling of the land on that execution, and forbade the sheriff from applying any of the proceeds thereon;

The State, *ex rel.* Yater, *v.* Hamilton and Others.

*Held,* that the sheriff and the sureties on his official bond could not claim that he had acted with the consent and by the direction of A.

APPEAL from the Ripley Common Pleas.

GREGORY, J.—Suit by the appellant against the appellees for an alleged breach of the condition of a sheriff's bond.

Two breaches are assigned; the first is, that the relator is the assignee of one James L. Yater, of the cause of action; that Hamilton, the sheriff, levied upon the land of the said James L., by virtue of two executions in favor of Rindskopf and others, one against one Abraham Yater, and the other against the said James L. and said Abraham; that the land sold for $1,050; that the sheriff wrongfully applied $193.66 thereof to the payment of the execution against said Abraham.

The other breach is, that like executions were issued on *judgments*, in the Ripley Common Pleas Court, in favor of Rindskopf and others, and were by the sheriff levied upon the land of the said James L., which was sold; that the sheriff wrongfully applied a portion of the proceeds to the payment of the judgment against said Abraham; that the sheriff refused, on demand, to pay over to the execution-defendant, James L., the overplus after paying the judgment in which he was a party; that James L. assigned the cause of action to the relator.

A demurrer to the complaint having been overruled, the defendants answered in three paragraphs, the first of which was withdrawn; a demurrer was sustained to the third; the second is, that Hamilton, the sheriff, levied the execution of Rindskopf and others against Abraham Yater upon the individual property of James L. Yater by the direction of the latter; that the sheriff proceeded to advertise and sell the land in accordance therewith; that James L., well knowing that the sheriff had advertised the land for sale on the execution against Abraham, permitted him to sell the same and apply the money to the satisfaction thereof, without claiming any right thereto in any way whatever; that the relator has no interest in the cause of action, except by as-

signment from James L., wherefore the plaintiff is estopped from setting up any claim to the money sued for.

The court below overruled a demurrer to this paragraph, and the plaintiff replied in three paragraphs, the first of which was withdrawn; the other two are,

2. That, at the time of the levy, the sheriff informed James L. that he had executions against him and Abraham; that the former, supposing the executions were joint, directed the levy on the land; that James L., learning from the advertisement that one of the executions was against Abraham only, attended the sale, and forbade the sheriff applying any of the proceeds thereof to the satisfaction of the execution against Abraham.

3. That, prior to the levy, James L. and Abraham were partners, doing business in said county of Ripley, and as such partners were jointly indebted upon divers claims, upon which judgments had been rendered against them jointly, and upon which executions had been issued and placed in the hands of the sheriff; that at the time of the levy the sheriff did not exhibit the executions to the said James L., but informed him that he had executions against him and Abraham Yater, and supposing and believing that they were joint, and having no knowledge whatever of the execution against Abraham alone, he, James L., directed the levy on the land; that James L. had no connection whatever with the judgment or the cause of action on which it was rendered; that he was a stranger thereto; that the sheriff, well knowing that the execution was against Abraham only, and without disclosing the fact to James L., levied it upon the land; that James L. first learned the fact on the day of the sale; that he then and there publicly forbade the selling of the land on the execution, and forbade the sheriff applying any of the proceeds thereof to the payment of the same.

The court below sustained a demurrer to each of said paragraphs of reply, and the appellant declining to amend or

reply further, a final judgment was rendered against the plaintiff.

It is claimed that the court below committed no error in sustaining these demurrers, because the complaint is bad.

It is claimed that the complaint is defective in not averring and setting out the judgments on which the executions were issued. *Ennis* v. *Waller*, 3 Blackf. 472, and *The State* v. *Spencer*, 4 Blackf. 310, are relied on to sustain this position. It seems to us that these cases have no application whatever. *Ennis* v. *Waller* was an action *by* a sheriff for the purchase-money of land sold by him on execution. In such a case the purchaser would take no title unless there was a valid judgment. *The State* v. *Spencer* was an action by the *judgment plaintiff* against the sheriff and his sureties *for a failure to return an execution in his favor*. The sheriff was not bound to act in the absence of a judgment. An execution valid on its face would have protected him in acting, but he was not *bound* to act in favor of one having no valid judgment. But in this case, the sheriff, having in his hands executions, did act; he sold the land and got the money; he is *bound* to account therefor to the persons entitled thereto. The sheriff recognized the legality and authority of the executions by acting upon them; and, after having collected the money, it is not for him to say that the writ was illegal or unauthorized by the judgment. See *The State* v. *Hicks*, 2 Blackf. 336.

The court erred in sustaining the demurrers to the replies.

Judgment reversed, with costs; cause remanded, with directions to overrule the demurrers to the replies, and for further proceedings.

*H. W. Harrington* and *M. K. Rosebrugh*, for appellant.

*R. M. Goodwin* and *L. Howland*, for appellees.