CHARLES W. HOXIE, PLAINTIFF IN ERROR, v. RICHARD IIAMS, DEFENDANT IN ERROR.

[FILED MAY 31, 1889.]

1. Trial: EVIDENCE: QUESTION FOR JURY.  A question of reasonable time arising upon parol evidence, within which a purchaser of certain school-land leases was required to go upon, examine the land, and decide whether it proved to be of the

quality as represented, there being a dispute as to the facts, and conflict of evidence, *held*, to be a question of fact and not of law.

2. **Real Estate**: CONTRACT OF SALE: BREACH: FORFEITURE. In an action for the breach of a contract to take back certain school-land leases purchased by the plaintiff from the defendant, and repay the purchase price therefor, in case the land should not prove to be of the quality as represented, *held*, that the fact that at the time that the plaintiff offered to reassign the leases to the defendant and demanded the performance of the contract, there was rent or interest past due on the said leases for which they might have been declared forfeited by the state board of educational lands and funds, constituted no defense to the action.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Selleck & Lane*, for plaintiff in error, cited: Parsons on Cont., 7th Ed., vol. III, pp. 357, 358; *White v. Day et al.*, 56 Iowa, 250; *Hammons v. Bigelow*, 17 N. E. Rep. 193; *Nelson v. Nelson*, 38 N.W. Rep. 134; *Babcock v. Case*, 61 Pa. St. 427; *Morse v. Brackett*, 98 Mass. 210; *Taymon v. Mitchell*, 1 Md. Ch. Dec. 497; *Tisdale v. Buckmore*, 33 Me. 462; *Bugbee v. Haynes*, 43 Vt. 476.

*Chas. H. Foxworthy*, for defendant in error, cited: *Ledyard v. Manning*, 1 Ala. 153; *Oelrichs v. Artz*, 21 Md. 524; *Stanton v. Small*, 3 Sandf. (N. Y.) 230; *Edwards v. Fire Ins. Co.*, 3 Gill. (Md.) 176; *Johnson v. Cranage*, 7 N. W. Rep. 190; *Lamb v. Jeffrey*, 41 Mich. 719; *Hageman v. Sharkey*, 1 Howard, (Miss.,) 277.

COBB, J.

This was an action brought in the district court of Lancaster county by the defendant in error against the plaintiff in error on a written contract set out in the petition. The plaintiff in said action alleges in his petition that on July 6, 1885, he entered into a contract with the defendant therein for an exchange of certain property, by the terms of which

the said plaintiff, for the consideration thereinafter expressed, agreed to convey to the said defendant certain real estate in the city of Lincoln, and in consideration therefor defendant on his part contracted to convey to the plaintiff two certain school-land certificates for the east half of section thirty-six, in township fourteen, of range seventeen, in Custer county, and his interest therein; that pursuant to the terms of said contract, and in consummation thereof, plaintiff did convey, by request of defendant, by good and sufficient deed, to one Mary M. Hoxie, the real estate mentioned in said agreement, and defendant on his part assigned to plaintiff the said leases and his interest in the said east half of section thirty-six, in township fourteen, range seventeen; that the said defendant, to induce plaintiff to make the said sale and exchange and to accept the said leases to said land in trade for his property in Lincoln, falsely and knowingly represented to plaintiff that two-thirds of said land was good, fair, tillable land, he, the said defendant, well knowing that said land was not as he represented; and on the date of said trade and exchange defendant executed and delivered to plaintiff a written guaranty in words and figures following:

"LINCOLN, NEB., July 6, 1885.

"This is to guarantee to Richard Iiams that two-thirds of east half of section 36, town 4, range 17 west, is good, fair, tillable land; and should it not so prove, I agree to take it off his hands at six hundred dollars."

And relying upon said representations, and said guaranty, plaintiff made the said trade. He further alleges that the said land is not as defendant falsely represented and warranted it to be; that two-thirds of the same is not fair, tillable land, as defendant well knew, but instead, the whole of said land is rough and broken, and is not tillable land, to plaintiff's damage in the sum of six hundred dollars; that immediately on learning that the said land was

not as represented, plaintiff tendered to defendant a reassignment to him of the said leases, and demanded in return the payment of the sum of six hundred dollars, and defendant then promised to pay plaintiff the said sum, yet defendant has since refused to take the said land and refused and still refuses to pay the said sum of six hundred dollars, and plaintiff is now ready to reässign to defendant the said leases on payment to him of the said sum; and that since the said trade and exchange, plaintiff has paid interest on the said land, as provided by the leases, in the sum of $22.50, etc.

The defendant for answer denied each and every allegation in the said petition contained.

There was a trial to a jury, with a verdict and judgment for the plaintiff. The defendant brings the cause to this court on error.

I do not understand this to be an action for specific performance of a contract to purchase and pay for land. It certainly was not so understood by either of the parties, nor by the court in which it was tried. Neither do I understand it to be an ordinary action for the recision of a contract; but rather an action for the breach of a contract. Recision contemplates the placing of both parties to the contract in *statu quo.* Neither the petition nor the contract sued on in the case at bar contemplates this.

The contract is very short, and it seems to me easy to be understood, especially so in the light of the undisputed parol evidence. In a trade between the parties, the defendant for a consideration sufficient in law, but which need not be further described, assigned to the plaintiff certain leases of school lands. The plaintiff being unacquainted with the character of the land covered by the leases, and the same being situated in a distant part of the state, was unwilling to accept of the said leases in the progressing trade without a personal guaranty that the land was, two-thirds of it, good, fair, tillable land, and that if he took the

leases in the trade, and the land did not prove to be of that character, the defendant would take it back, or off his hands, and pay him six hundred dollars, which sum seems to have been mutually considered the value of the land, if it proved not to be as represented by the defendant. To meet this requirement of the plaintiff, the written instrument sued on was executed and delivered to him by the defendant.

Now let us examine this instrument as set out in the petition, it being the same as that introduced in evidence on the trial. It makes no reference to the leases, but its terms are confined to the land itself. It makes no guaranty that the plaintiff will be satisfied with the land, nor that he shall find it to be of the character named; but it guarantees the fact that the land is of such a quality, and should it not so prove, that the defendant will take it off of the plaintiff's hands at such a sum. No limitation is placed upon this obligation as to the time when the defendant will discharge the obligation to take the land off of the plaintiff's hands, should it not prove as guaranteed.

There was parol evidence upon the trial both on the part of the plaintiff and on that of the defendant, as to some understanding or agreement as to the plaintiff's going upon or examining the land. It was received without objection, hence no question of its admissibility arises here. Plaintiff in error, in the brief, contends that the question arising upon this evidence whether there was a parol agreement between the parties that the plaintiff should go upon the land, inspect it, and decide whether it proved to be of the quality as represented or not, and the further question whether the plaintiff did make such examination and decide within a reasonable time, was a question or were questions of law, which the court erred in submitting as questions of fact to the jury.

In the case of *Gilbert v. Moody*, 17 Wend. 354, cited by counsel for plaintiff in error, it was held that "Where

there is no dispute as to the facts, it is for the court and not the jury to say what shall be deemed a *reasonable time*" in which for a purchaser of chattels at a public vendue to remove them without being chargeable for storage.   Also in the case of *Pratt v. Farrar*, 10 Allen, 519, cited by counsel, it was held that, there being no dispute as to the facts, it was a question for the court whether forty-eight hours was a reasonable time to allow for a tenant at sufferance to remove from the lower story of a house after notice.   These cases and others of like holding turn upon the point that there is no dispute as to facts.   In the case at bar there is a sharp conflict of evidence, and a dispute as to the facts; therefore, in so far as the question arose upon the parol evidence, it was a question for the jury.   Had the question arisen upon the written instrument, it would have been one for the court to decide; but so far as the face of the instrument is concerned, no question of reasonable time is presented.   Upon the whole, I think that the following instruction given by the court on its own motion is correct, and sufficient on that subject:

"Third—If you find from the evidence: First, that the plaintiff received from the defendant the guaranty offered in evidence as a part of the consideration, or as an inducement to exchange property for school-land leases for the land mentioned in said guaranty; second, that said land was not two-thirds good, fair, tillable land, as represented in said guaranty; third, that within a reasonable time after the exchange, the plaintiff notified the defendant that said land was not as guaranteed, and tendered back the leases and demanded his six hundred dollars; fourth, that the plaintiff since acquiring full knowledge of the nature and quality of the land, has done no act ratifying or confirming said exchange; then your verdict should be for the plaintiff."

As this instruction sufficiently presented that branch of the case to the jury, there was no error in the refusal of the

court to give the fourth instruction asked by the defendant.

Plaintiff in error also contends that in order for the plaintiff in the court below to recover, he must have reässigned the said leases to the defendant, and not only so, but that he must have kept the same in force by paying the accruing interest thereon up to the time of such assignment. In this view the defendant presented the following instruction:

"3. You are instructed as a matter of law that for the plaintiff to recover in this action, it is necessary for him to reässign or cause to be reässigned the said leases to defendant; and if you find from the evidence that said leases have become forfeited and of no value through the default or neglect of the plaintiff, then you should find for the defendant."

The plaintiff, when on the stand as a witness in his own behalf, testified that he had gone upon the land and examined it; that he went to the defendant and reported to him just what it was; that defendant told him that he would pay him the money for the land. "He said that he would take the land; if it was rough and not as he represented, why he would pay me the money just as soon as he got money." I quote further from his testimony, as contained in the bill of exceptions:

Q. Did you tell him you were ready to reässign the leases to him?

A. Yes, sir.

Q. And are you now ready to reässign the leases to him?

A. Yes, sir.

Upon cross-examination, he stated that it was inside of a year after the making of the trade that he went to the defendant as above, and told him how he had found the land, and that he would not take it, offered to reässign the leases to him, and demanded the six hundred dollars.

Plaintiff stated on his reëxamination he had paid $22$\frac{25}{100}$ interest on the said leases and property. On his re-cross-examination he testified as follows:

Q. Why did you pay $22.50 in Custer county?

A. I sent and paid that before I had seen the land.

Q. What was your object in paying it?

A. To keep it from being forfeited.

Q. You knew it had got to be paid up or it would be forfeited?

A. Knew that it had to be paid up, yes.

It appears from the copies of the school-land leases contained in the bill of exceptions, that the leases bear date October 9, 1883. The rent reserved in the leases (called interest in the testimony) amounts to $11.20, payable semi-annually in advance on the first days of January and July of each year. The leases also contain the following clause: "And in case of any default on the part of the said lessee in the observance of the covenants and agreements of this lease, the said premises with the improvements shall forfeit and revert to the state of Nebraska; or the Board of Educational Lands and Funds may require the payment of said rents, and collect the same, notwithstanding such default and abandonment of said premises."

Upon this evidence then, the court refused to give the above instruction, but gave the following:

"Sixth—You are instructed that the fact that interest was overdue upon leases when plaintiff made demand upon defendant, if such fact appears from the evidence, would be immaterial; and the fact that the evidence shows these leases have been forfeited since the commencement of this action, renders the fact of forfeiture immaterial in this action."

While it may well be doubted that it was the duty of the plaintiff under the circumstances to protect the leases by paying the rent, that point would only become material in case the state board of educational lands and funds should

have seen proper to take the proper steps and declare leases forfeited. While the language of the lease is, that "in case of any default on the part of the said lessee  *  *  *  the lease shall forfeit," yet I understand that the meaning of this provision is that in case of such default, the board of educational lands and funds may declare the lease forfeited. I find no evidence in the bill of exceptions that such action has been taken by the said board. The leases then were in force at the time that plaintiff offered to reässign them to the defendant; and in this view of the case the court was right in refusing the instructions asked by the defendant and giving the instruction which it gave.

The point is not urged in the brief that the evidence as to the character and quality of the land is not sufficient to sustain the verdict, nor do I think that it could have been successfully done.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.