Thompson *et al. v.* The State, *ex rel.* East *et al.*

Filed Oct. 13, 1891; petition for a rehearing overruled Jan. 9, 1892.

---

No. 233.

THOMPSON ET AL. *v.* THE STATE, EX REL. EAST ET AL.

PLEADING.—*Must Proceed Upon Definite Theory.*—Every pleading must proceed upon some definite theory, and its sufficiency must be determined by the theory upon which it proceeds. Its theory must be determined from its general character and scope.

SAME.—*Allegations as to Malice.—How Construed.*—When in legal pleadings the defendant is charged with having wrongfully, unlawfully, or maliciously done the act complained of, the words are only words of vituperation, and amount to nothing unless a cause of action is otherwise alleged.

Thompson *et al. v.* The State, *ex rel.* East *et al.*

PROCESS.— *When Officer Protected in Serving.*— *Void Process.*—When process proceeds from a court, magistrate, or body having authority of law to issue process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority, the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it. If, however, the process is in fact void for want of jurisdiction in issuing it, the officer may refuse to execute it, and no action will lie against him for such refusal.

SAME.— *Order for Sale of Specific Property.*— *Third Parties in Possession.*— *Removal of Their Property.*— *Sheriff's Right to do so.*—Where process is issued to a sheriff, from a court having authority to issue the same, to sell a specific piece of property, the fact that certain parties were in possession of the house at the time the foreclosure suit was commenced, and were not made parties to the suit, could not affect the sheriff and his sureties, and render them liable to an action on the sheriff's official bond for the execution of the process. It was the privilege of the sheriff to remove the property of such parties from the house, they still being in possession at the time the process was executed, so that he might thereafter deliver the possession of the house unqualified and untrammeled to the purchaser. He would only be liable if the removal of the property was negligently made.

From the Greene Circuit Court.

*E. Short, T. Van Buskirk, J. D. Alexander* and *H. W. Letsinger,* for appellants.

*E. H. C. Cavins, A. G. Cavins, I. H. Fowler* and *W. A. Pickens,* for appellees.

NEW, C. J.—This was an action by the appellee against the appellant William E. Thompson, as sheriff, and his co-appellants, sureties on his official bond.

The material averments in the complaint, omitting those about Thompson's election as sheriff and the execution of his bond as such, are as follows: In the circuit court of Greene county Joseph Strong foreclosed a chattel mortgage executed to him by Webster Grim. An order of sale was issued upon the decree, commanding said Thompson, as sheriff of said county, to sell a certain house situate on lot No. 47 in the town of Worthington, in said county. Said house was the property of the relators, and they had the possession.

thereof before the commencement of said suit, but they were not made parties to the same. On the 28th day of January, 1889, said sheriff, acting under the assumed authority of said writ, and pretending to execute the same according to law, wrongfully, maliciously, and without right, entered said house during a rain storm, and removed therefrom into the street property belonging to the relators, consisting of fresh meats, lard, fixtures, and all the property which they had in said house for the purpose of carrying on a meat shop. By the removal of said goods they were injured and rendered unfit for use, to the damage of the relators in the sum of five hundred dollars.

The appellant William E. Thompson demurred separately, and the other appellants demurred jointly to the complaint, all for want of facts. The demurrers were overruled, and exceptions properly saved.

A joint answer was filed by all of the appellants in four paragraphs.

The first paragraph of the answer admits that at the time mentioned in the complaint, the appellant William E. Thompson was sheriff, as alleged in the complaint, and that the other appellants were his sureties, but denies all other allegations in the complaint.

The second, third and fourth paragraphs of the answer are pleas of justification under the writ named in the complaint. A reply of general denial was filed.

Upon the issues thus joined the cause was tried by a jury, and verdict returned in favor of the appellee for $105.

Over motions for a new trial and in arrest of judgment, the court rendered judgment in conformity with the verdict.

The first error assigned by the appellants is that the complaint does not state facts sufficient to constitute a cause of action.

In order to determine the sufficiency of the complaint it is necessary to ascertain upon what theory it is framed.

Every pleading must proceed upon some definite theory,

and its sufficiency must be determined by the theory upon which it proceeds. Its theory mnst be determined from its general character and scope. *First Nat'l Bank, etc.,* v. *Root,* 107 Ind. 224; *Bingham* v. *Stage,* 123 Ind. 281; *Pearson* v. *Pearson,* 125 Ind. 341.

We think it manifest, from the averments in the complaint, that the alleged wrongful conduct of the sheriff is predicated upon the fact that the relators, although the owners and in possession of the house which the sheriff was ordered to sell, were not made parties to the foreclosure suit in which the writ was issued. It is not shown when the relators became the owners of the house, whether before or after the execution of the mortgage; nor do we see that this is important, so far as this action is concerned.

When an execution, or order of sale, issues from a court of competent jurisdiction, and is placed in the hands of the sheriff, it is his duty to execute the same according to its terms with reasonable diligence. His duty is ministerial, not judicial. His province is to execute the process regularly delivered to him, and not to sit in judgment upon the regularity of the proceedings upon which it was obtained. Out of this duty arises the necessity of protection to the sheriff.

If the process, to use the customary legal expression, be *fair on its face,* it will protect the officer. By this is not meant that it shall appear to be perfectly regular, and in all respects in accord with proper practice, and after the most approved form, but what is intended is that it shall apparently be process lawfully issued, and such as the officer might lawfully serve. More precisely, that process may be said to be fair on its face which proceeds from a court, magistrate or body having authority of law to issue process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority. When such appears to be the process, the officer is protected in making service, and he is

not concerned with any illegalities that may exist back of it. Cooley Torts, 538; *Noland* v. *Busby*, 28 Ind. 154; *State, ex rel.*, v. *Hamilton*, 32 Ind. 104; *Adams* v. *Davis*, 109 Ind. 10; *Watson* v. *Watson*, 9 Conn. 140; *Keniston* v. *Little*, 30 N. H. 318; *Caldwell* v. *Hawkins*, 40 Maine, 526; *Underwood* v. *Robinson*, 106 Mass. 296; *People* v. *Warren*, 5 Hill, 440; *Cornell* v. *Barnes*, 7 Hill, 35; *Billings* v. *Russell*, 23 Pa. St. 189; *Loomis* v. *Spencer*, 1 Ohio St. 153; *Brother* v. *Cannon*, 1 Scam. 200; *Glasgow* v. *Rowse*, 43 Mo. 479.

It must not be overlooked, however, that the rule that an officer is justified by his process, when it is fair upon its face, is one of protection merely; and although the officer may execute such process and be protected, yet, if it is in fact void, for want of jurisdiction in issuing it, he may refuse to execute it, and no action will lie against him for such refusal. *State, ex rel.*, v. *Hamilton, supra; Newburg* v. *Munshower*, 29 Ohio St. 617; *Reid* v. *Stegman*, 99 N. Y. 646; *Earl* v. *Camp*, 16 Wend. 562; *Cornell* v. *Barnes*, 7 Hill, 35.

When the process seems to be fair on its face, it next becomes necessary to the officer's protection that he proceed upon it as the law directs. And at this point it must be borne in mind that the law constantly presumes that public officers charged with the performance of official duty have not neglected the same, but have duly performed it at the proper time and in the proper manner. In the absence of evidence to the contrary, this presumption will prevail, but it is not an indisputable one, and may be overcome by countervailing evidence.

The fact, if it be a fact, that the relators had purchased the house and were in possession of it when the foreclosure suit was commenced, and the further fact that they were not made parties to said suit, can not affect the sheriff and his sureties, if the order of sale under which he was acting was fair on its face, and the sheriff proceeded upon it lawfully.

For aught that is shown in the complaint, the order of

sale under which the sheriff was acting was fair upon its face in all respects. It was a duty, therefore, which the sheriff owed the plaintiff in the foreclosure suit, to take possession of and sell the house and other property named in the writ. The proper service of this writ upon the property described therein required the sheriff to take possession of the property, either actually or constructively. For the purpose of reducing the house to possession the sheriff had a right to enter it if he saw proper to do so. The house being personal property, the sheriff's possession, when once taken under the writ, was as exclusive as if it had been personal property of some other kind. The sheriff was the officer of the law, and his possession was the possession of the law.

It was the privilege of the sheriff to remove the property of the relators from the house, so far as can be seen from the complaint, not only that the exclusive possession and control of the house might be in himself up to and at the time of the sale, but also that he might thereafter deliver the possession untrammeled and unqualified, if it could so be, to the purchaser. And it would not matter whether the property of the relators was removed from the house before or after the sale. From the time the sheriff, under the order of sale, took possession of the house it was in his custody as the agent or officer of the law until the proper time for its sale, and for a reasonable time after the sale, to allow the purchaser to receive and remove it. *Gilbert* v. *Moody,* 17 Wend. 354; *Peacock* v. *Purvis,* 2 B. & B. 362; *Blades* v. *Arundale,* 1 Maul. & Sel. 711; Bradly Distress, 84.

The law confided in the sheriff, expecting him to so exercise the power with which he was clothed as would best promote the interests of the parties, plaintiff and defendant, to the writ. He was not acting for, and owed no duty officially, as connected with the writ to, the relators. If in his opinion it would in any way promote the interests of the

parties to the writ to remove. the relators' property from the house, we do not think his right to do so could be questioned if the removal was not negligently made.

In thus holding we do not lose sight of the rule that an officer may so act or interfere with the property of a stranger or third person that his writ, although fair on its face, will not protect him ; as, for example, where he takes the goods of one person upon a writ against another. In that case the officer does not seize the goods of the defendant, or take possession of the identical property named in the writ, and which he is commanded to sell, as under the order of sale in the case at bar ; but he voluntarily, and without any authority whatever, takes the property of one not named, nor liable under the writ at all, to pay the debt of another. It is wholly different, in fact and upon principle, from the case where the act complained of is a part of, or an appropriate incident to, the principal thing which the officer is commanded by the writ to do.

In the case at bar the sheriff had no discretion to use, no judgment to exercise, no duty to perform but to seize the property described in the order of sale; and this was the sheriff's duty, although the relators were not parties to the foreclosure suit. *Buck* v. *Colbath,* 3 Wallace, 334; *Wallace* v. *Holly,* 13 Ga. 389.

There is a well-recognized distinction between the ordinary execution and an order to sell specifically named property. Where there is a judgment of foreclosure against specific property, it is a mandate upon the sheriff to sell it. See *Harris* v. *Glenn,* 56 Ga. 94 ; *Hayden* v. *Johnson,* 59 Ga. 104 ; *Chipstead* v. *Porter,* 63 Ga. 220.

It is not alleged in the complaint that the removal of the relators' property was negligent, nor are facts given showing clearly that there was in the manner of removal positive wrong or oppression. It is alleged that it was raining at the time, but for all that appears in the complaint the relat-

ors were present, looking after ánd caring for their property when it was taken from the house.

It is alleged in the complaint that the sheriff entered the house "wrongfully, maliciously, and without right," at the time the property was removed. We have already, in effect, said, that it is not shown by the complaint that the sheriff's conduct was wrongful, and without right.

To say that he acted "maliciously" is simply to impute a bad motive.

Bad motive, by itself, is not a tort. Malicious motives make a bad act worse, but they can not make that a wrong which in its own essence is lawful. When in legal pleadings the defendant is charged with having wrongfully, unlawfully, or maliciously done the act complained of, the words are only words of vituperation, and amount to nothing unless a cause of action is otherwise alleged. Where a creditor, who has a just debt, brings a suit, or issues an execution, though he does it out of pure enmity to the debtor, he is safe. In slander, if the defendant proves the words to be true, his intention to injure the plaintiff by proclaiming his infamy will not defeat the justification. One who prosecutes another for a crime need not show, in an action for malicious prosecution, that he was actuated by correct feelings, if he can prove there was good reason to believe the charge well founded. In short, any transaction which would be lawful and proper if the parties were friends, can not be made the foundation of an action merely because they happened to be enemies. As long as a man keeps himself within the law by doing no *act* which violates it, we must leave his motives to Him who searches the heart. *Jenkins* v. *Fowler*, 24 Pa. St. 308; *Gerard* v. *Lewis*, L. R. 2 C. P. 305; Cooley Torts, 832.

The demurrers to the complaint should have been sustained. This conclusion disposes of the case as presented by the complaint, and we need not, therefore, consider now the other errors assigned by the appellants.

The judgment is reversed, with costs, and with instruc-

tions to the court below to sustain the demurrer to the complaint.

Filed Oct. 27, 1891 ; petition for a rehearing overruled Jan. 9, 1892.