## FITCH ET AL. *v.* GUNDRUM.

### [No. 9,783. Filed March 13, 1919.]

1.  COURTS.—*Circuit Court.—Jurisdiction.*—The circuit court is a court of general jurisdiction, and the burden is on defendants, in support of their motion to strike out an adverse judgment for lack of jurisdiction, to show want of jurisdiction. p. 573.

2.  VENUE.—*Change by Agreement.*—Venue of an action may be changed by agreement. p. 573.

3.  APPEARANCE.—*Jurisdiction.—Failure to Challenge.—Effect.*—Defendants having appeared in the circuit court without questioning its jurisdiction, they cannot take advantage of want of jurisdiction after trial. p. 573.

4.  DEEDS.—*Consideration.—Evidence.—Recital in Deed.*—In an action by one real estate broker against others to recover a share of the profits from the sale of land, an instruction that, if defendants sold the real estate to a third party for a named consideration, and there was no other evidence as to the consideration than the amount specified in the deed, the jury was at liberty to assume that the consideration named in the deed was the real consideration was proper. p. 574.

5.  APPEAL.—*Review.—Refusal of Instructions.*—It was not error to refuse an instruction covered by one given by the court on its own motion. p. 574.

6.  APPEAL.—*Questions Reviewable.—Instructions.—Absence of Evidence from Record.*—In the absence of the evidence from the record, the court on appeal cannot determine whether it was error to refuse an instruction the correctness of which depends upon the evidence. p. 574.

From Dekalb Circuit Court; *Dan M. Link,* Judge.

Action by Otis E. Gundrum against Monroe W. Fitch and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Edgar W. Atkinson* and *William N. Ballou,* for appellants.

*Dudley W. Gleason,* for appellee.

McMAHAN, J.—This was an action on a contract, wherein appellee, a real estate agent, had a contract

with the owner of a tract of land situated in the State of Michigan to undertake the sale of said land, and to receive as his compensation all that he should sell it for above $7,000.

The appellants are partners in the business of buying and selling real estate. The appellee employed appellants to aid and assist in the selling of said land, the parties agreeing to work jointly and to share the profits equally. Arrangements were made whereby the title of said real estate was put in the name of one of the appellants, and it was afterwards sold by appellants for $10,000. This action was commenced in the Allen Circuit Court by appellee to recover his share of the profits. The cause was tried in the Dekalb Circuit Court by a jury, and resulted in a verdict and judgment for the appellee of $1,500.

Appellants filed a motion to strike out the judgment: (1) Because the court had no jurisdiction, and because the record did not show that an affidavit had been filed for a change of venue from Allen county; and (2) for the reason that the complaint was for an accounting, and not triable by jury.

The circuit court is a court of general jurisdiction, and the burden is on the appellants to show want of jurisdiction. The venue might have been changed by agreement. The appellants having appeared in the Dekalb Circuit Court without questioning the jurisdiction of the court, it is too late to take advantage of want of jurisdiction after trial. No objection was made to the cause being tried by a jury. The court properly overruled this motion.

Appellant complains of the fourth instruction given by the court. The part about which complaint is

made is that the court in this instruction told 4. the jury that, if the appellants sold the real estate to a third party for a named considera-tion of $10,000, and if there was no other evidence as to the consideration for such sale except the consideration named in the deed, they were at liberty to assume that the consideration named in the deed was the real consideration. There was no error in giving this instruction. *Stauffer* v. *Martin* (1909), 43 Ind. App. 675, 88 N. E. 363.

Complaint is made because the court refused to give instructions Nos. 2 and 4 tendered by appellants. No. 2 was covered by an instruction which the 5-6. court gave on its own motion. The correct-ness of No. 4 depends on the evidence, which is not in the record, so we are not able to say it was not correctly refused.

Judgment affirmed.