## KIRMSE v. CHICAGO, TERRE HAUTE AND SOUTHEASTERN RAILWAY COMPANY.

[No. 10,512. Filed June 25, 1920.]

1. APPEAL.—*Instructions.—Giving or Refusing.—Evidence Not in Record.—Presumptions.*—Where the action of the trial court in giving or refusing instructions would be right under any supposable state of facts within the issues, and the evidence is not in the record, it will be presumed on appeal that such state of facts existed. p. 539.

2. APPEAL.—*Instructions.—Refusing.—Evidence Not in Record. —Review.*—The refusal to give an instruction is not reviewable where the evidence is not in the record. p. 539.

3. APPEAL.—*Instructions.—Evidence Not in Record.—Presumptions.*—In the absence of the evidence from the record it will be presumed that there was evidence to support the instructions given to the jury. p. 539.

4. RAILROADS. — *Collision with Automobile. — Intoxication of Driver. — Contributory Negligence of Occupant.* — Where the driver and occupants of an automobile, including plaintiff, had been drinking, and the intoxicated driver drove into a train standing across the highway, and where the plaintiff knew of the drunken condition of the driver and other occupants of the automobile in ample time before the crossing was reached to have alighted from the automobile and thus avoided her injury, she was guilty of contributory negligence. p. 539.

From Vermillion Circuit Court; *Barton S. Aikman,* Judge.

Action by Louise Kirmse against the Chicago, Terre Haute and Southeastern Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Wait & Sunkel* and *Walker & Blankenbaker,* for appellant.

*H. B. Aikman* and *Beasley, Douthitt, Crawford & Beasley,* for appellee.

NICHOLS, J.—Action by appellant to recover damages on account of the alleged negligence of appellee in operating one of its trains across Lafayette avenue, a public highway north of Terre Haute, Indiana, and between said city and North Terre Haute. Appellant was injured while riding in an automobile as the guest of one Martin. It is charged in the complaint that appellee failed to give the statutory warning signals as it approached the highway on which appellant was traveling in the automobile aforesaid as such guest at the time of her injuries, charging that as a result of such negligence there was a collision between appellee's freight train and said automobile resulting in personal injury to appellant. There was an answer in denial. Trial by jury and verdict for defendant. Appellant's motion for new trial was overruled, and judgment was rendered upon the verdict, from which judgment appellant appeals, assigning as error the court's action in overruling the motion for new trial.

The evidence is not in the record. The only error presented pertains to the refusal of the court to give certain instructions by appellant tendered and to the giving of certain instructions over appellant's objections.

It is well established that, where the action of the

court in giving or refusing instructions would be right under any supposable state of facts within the issues, it will be presumed on appeal, when the evidence is not set out in the record, that such state of facts existed. *Peoria, etc., R. Co.* v. *Flicker* (1884), 95 Ind. 180; *Hilker* v. *Kelley* (1892), 130 Ind. 356, 30 N. E. 304, 15 L. R. A. 622; *Herring* v. *Watson* (1914), 182 Ind. 374, 105 N. E. 900; *Baltimore, etc., R. Co.* v. *Keiser* (1912), 51 Ind. App. 58, 94 N. E. 330.

The refusal to give an instruction is not reviewable where the evidence is not in the record. *Fitch* v. *Gundrum* (1919), 69 Ind. App. 572, 122 N. E. 428; *Wright* v. *City of Crawfordsville* (1895), 142 Ind. 636, 42 N. E. 227; *Jenkins* v. *Wilson* (1895), 140 Ind. 544, 40 N. E. 39; *Amen* v. *Standard Steel Car Co.* (1920), 72 Ind. App. 179, 123 N. E. 7; *Fostoria Oil Co.* v. *Gardner* (1920), —— Ind. App. ——, 124 N. E. 467.

In the absence of the evidence from the record it will be presumed that there was evidence to support the instructions given to the jury. *State, ex rel.* v. *McNelis* (1920), 122 N. E. 690; *Chestnut* v. *Southern Ind. R. Co.* (1901), 157 Ind. 509, 62 N. E. 32; *Drinkout* v. *Eagle Machine Works* (1883), 90 Ind. 423; *Goshen Milling Co.* v. *Bailey* (1917), 186 Ind. 377, 114 N. E. 869; *Wayne Health, etc., Ins. Co.* v. *Werkman* (1917), 186 Ind. 601, 116 N. E. 420; *Ind. Utilities Co.* v. *Wareham* (1918), 66 Ind. App. 542, 118 N. E. 572; *Abney* v. *Indiana, etc., Traction Co.* (1908), 41 Ind. App. 53, 83 N. E. 387; *Sherman* v. *Indianapolis Traction, etc., Co.* (1911), 48 Ind. App. 623, 96 N. E. 473.

The evidence not being in the record, under the foregoing principles we presume there was some evidence upon which each of the instructions given by the court was based. From these instructions we assume the facts of this case briefly to be that ap-

pellant and said Martin with others were at the time of the accident complained of returning from a visit to places commonly known as saloons and road houses, at which places and while returning appellant and said Martin, who was driving the automobile, and other members of the party were engaged in drinking intoxicating liquors; that they had imbibed too freely thereof so that as a result as they approached the crossing they were all, by reason of such drinking, acting without due care and caution for their own safety; that they approached the crossing in a careless and reckless manner, and that said Martin, who was running the automobile, ran it into the side of the train, which at the time was passing over the highway, the collision resulting in the injury of the appellant. We assume that the appellant was participating in this common dissipation, and that she well knew of the drunken condition of the said Martin and others in ample time before the crossing was reached to have gotten out of the automobile and thereby to have avoided the injury which she afterwards suffered. Certainly, in the absence of the evidence, such facts as the foregoing are supposable under the issues. By such conduct, even if appellee was guilty of negligence, appellant was guilty with her companions of contributory negligence. She was simply the victim of her own folly for which appellee should not be required to respond in damages. Whether appellee gave the warning signals or not it could make no difference, for the train was across the highway when the automobile approached the crossing, and, if its occupants were in such a condition that they could not see the train in front of them, they certainly would not have heard the warning signals if they had been given.

Judgment affirmed.