GEARS *v.* STATE OF INDIANA.
[No. 25,274.   Filed March 30, 1932.]

W. D. *Hardy* and *Oscar Lanphar,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

TREANOR, J.—Appellant was prosecuted and convicted under an indictment in one count charging that on July 7, 1925, at Gibson County, Indiana, "the defendant did unlawfully take, steal and carry away of the personal goods and chattels of one Jacob Reibold thirty-eight chickens of the value of forty-seven dollars and fifty cents ($47.50)." The jury found the defendant guilty of petit larceny and assessed his punishment at disfranchisement for two years, a fine of $500, and imprisonment at the Indiana State Farm for a period of six months. Judgment was entered in conformity with the verdict.

Appellant filed his motion for a new trial, and assigns as sole error in this appeal the trial court's action in overruling his motion for a new trial. The causes specified in support of the motion for a new trial and the propositions urged under "Points and Authorities" present the same questions both as to admissibility of evidence, and sufficiency of evidence to support the verdict as are presented in *Gears* v. *State* (1932), *ante* p. 3, 180 N. E. 585; and the evidence, in so far as it is material to the questions of admissibility and sufficiency of evidence, is so nearly identical in the two cases that our discussion of and holdings on these questions in *Gears* v. *State, supra,* are adopted as a part of this opinion. This will enable us to limit our consideration to propositions V, VI, VII and VIII under appellant's "Points and Authorities," and to the court's alleged errors in giving and refusing to give certain instructions.

The regular judge had presided in the trial of *State of Indiana* v. *Gears,* No. 1318, in the Gibson Circuit Court, and, of his own motion, made the following entry as a part of the record of the instant case: "The court having heretofore heard the case entitled '*State of Indiana* v. *Omer Gears*' involving practically the same evidence now appoints T. Morton McDonald, a reputable attorney at this bar, as special judge to try said cause."

Mr. McDonald accepted the appointment and qualified. No objection was made to the appointment of Mr. McDonald and no request that three persons be nominated by the regular judge. Mr. McDonald qualified on January 28 and set the case for trial for February 25. Defendant filed a motion to quash before Special Judge McDonald, which motion was overruled on February 17. On February 20, the defendant filed his verified motion for a change of venue from the county, which motion was overruled on February 22. The case was then re-set for trial on March 29. On April 5, defendant made an oral motion for continuance, and this motion was overruled.

On April 6, the defendant filed his motion requesting that Special Judge McDonald remand the cause to the regular judge. The reason given was the failure of the regular judge to nominate and submit for striking a list of three names of eligible judges or members of the bar. The motion was overruled.

The defendant then filed a verified motion for continuance, which was granted, and the case was set for trial for April 17. A further continuance was granted and trial set for May 12; then for May 28.

On May 25, defendant filed a motion for change of venue from the special judge on the ground of "bias, interest and prejudice," and the motion was sustained.

The defendant then filed a motion asking the court to appoint a special judge, which motion was over-

ruled. A motion for a change of venue from the judge (i. e. regular judge) was then filed and overruled. The case was then heard by the regular judge.

The gist of appellant's propositions may be stated as follows: (1) Since the regular judge was disqualified, it was error to appoint a special judge without nominating three persons.

(2) It was error for the special judge to overrule appellant's motion to remand the cause to the regular judge.

(3) It was error for the regular judge to overrule appellant's motion for appointment of a second special judge.

(4) It was error for the regular judge, after reassuming jurisdiction, to overrule motion for change of venue from the regular judge.

As stated above, the regular judge, acting upon his own motion, appointed a special judge to hear this cause. The statutes (§§1389 and 2235-2236 Burns 1926) authorize a circuit judge to appoint a judge *pro tempore* or a special judge. A circuit judge may appoint a judge *pro tempore* "if, from any cause," the circuit judge is unable "to attend and preside at any term of said court, or during any day or part of such term"; and such judge *pro tempore* takes "the same oath of office as a judge elected to said office"; discharges all the duties and is invested with the same powers and authority as though elected to said office. (§§1389, 1391, Burns 1926.) The statutes authorize the circuit judge to appoint a special judge to try a particular case, but only when the regular judge is disqualified for that particular case or in case of a change of venue from the regular judge on account of his bias or prejudice. (§§2235-2239 Burns 1926.) It is clear that the regular judge (on his own motion) appointed Mr. McDonald special judge to try this case, and not judge *pro tempore*.

The reasonable interpretation of the entry, *supra,* is that the regular judge, by reason of his having heard the cause of *State of Indiana* v. *Gears,* No. 1318, which involved substantially the same evidence as the instant case, felt that he was biased on the question of defendant's guilt. The action of the court amounted to a voluntary granting of a change of venue on the ground of bias. Instead of naming Mr. McDonald as special judge, the regular judge should have nominated three competent and disinterested persons and submitted their names to the prosecuting attorney and defendant for striking. (§2236, *supra.*) The method of selecting the special judge was irregular, and, if the defendant had objected and asked that the regular judge submit a list of three competent and disinterested persons, it would have been reversible error to have refused his request. But defendant made no objection to Mr. McDonald's appointment and recognized his jurisdiction by appearing and making a motion to quash, a verified motion for change of venue from the county and an oral motion for continuance. We see no reason why a defendant may not waive an irregularity in the method of taking a change of venue from the regular judge, or in the manner of selecting a special judge, if he should choose to do so with full knowledge of the extent and nature of the irregularity.

But it does not follow that the waiver of irregularity must be attended by all the legal consequences which would follow if the defendant had obtained the change of venue by strict compliance with the statute. We think that the appellant in the instant case could not question the validity of any act of Special Judge McDonald on the ground of lack of jurisdiction, and, if the case had proceeded to trial and judgment, the appellant would be held to have waived any question of jurisdiction. But we do not think that

the acquiescence of the defendant in the voluntary action of the court can be given the effect of a change of venue from the judge by the defendant so as to preclude the defendant's securing a change of venue from the special judge. Under the statute, the defendant was entitled, as a matter of right, to one change of venue on his own affidavit of "bias and prejudice," and we do not believe that he had to accept a voluntary appointment of a special judge as a substitute for this change merely because he raised no objection to the regular judge's irregular action. Special Judge McDonald having acquired jurisdiction, and the defendant having consented thereto, there was no error in overruling the defendant's motion to remand. And there was, of course, no error by the special judge in sustaining the motion for a change of judge, since the defendant had not taken a change of judge within the meaning of the statute. As a result of the aforesaid action of the special judge, jurisdiction of the cause was revested in the regular judge. The regular judge proceeded on the assumption that he had power to hear and determine the cause, while appellant insists that his only power was to take the steps necessary to secure the appointment of a second special judge. We have decided that the action of the regular judge, plus the acquiescence of the defendant, resulted in an irregular appointment of a special judge; but we also construe the action of the regular judge as disqualifying himself on the ground of bias; and it necessarily follows that the regular judge could not resume jurisdiction to try the cause. The only jurisdiction which the regular judge had was to appoint a second special judge, and, since the defendant, by motion, requested the submission of three names, the regular judge should have nominated three competent and disinterested persons and allowed the parties to strike, as provided for in §2236, *supra*. See *Stinson*

v. *State* (1869), 32 Ind. 124; *Glenn* v. *State* (1874), 46 Ind. 368; *Greenup* v. *Crooks* (1875), 50 Ind. 410; *Harris* v. *United States, etc., Co.* (1896), 146 Ind. 265, 45 N. E. 328. The action of the judge was reversible error.

Appellant urges that the trial court committed error in refusing to give tendered instructions Nos. 2 and 12. These tendered instructions correctly stated rules of law which were vital to the defendant's case, and, unless the same points were adequately covered in instructions given by the court, it was error to refuse to give them. Tendered instruction No. 2 reads as follows: "In all criminal prosecutions the defendant is presumed to be innocent of the offense charged in the indictment until his guilt is established by the evidence to the exclusion of every reasonable doubt and this presumption prevails until the close of the trial, and you should weigh the evidence in the light of this presumption and reconcile all the evidence with the presumption of innocence if you can."

The court, in instruction No. 5, stated to the jury that "the defendant is presumed to be innocent until the contrary is proven," and that "the presumption of innocence follows him throughout the trial, step by step, until his guilt is proven to your satisfaction beyond a reasonable doubt, and you should weigh the evidence in the light of this presumption." We believe the jurors must have gathered from the court's instruction No. 5 the same idea which the defendant sought to convey in tendered instruction No. 2. There was nothing else in the court's instruction to weaken or confuse the clear cut excerpts quoted above.

Tendered instruction No. 12 is as follows: "This is a case where the State seeks a conviction on circumstantial evidence. The defendant is presumed to be innocent until the contrary is made to appear by the evi-

dence, and in a case of this kind, in order to convict, the circumstances must be so strong as to exclude every other reasonable hypothesis, except that of the defendant's guilt, and if the evidence can be reconciled with the theory of the defendant's innocence, it is your duty to do so."

The court gave the following instruction No. 14: "This is a case where the State seeks a conviction on circumstantial evidence. The defendant is presumed to be innocent until the contrary is made to appear by the evidence, and in a case of this kind, in order to convict, the circumstances must be so strong as to exclude every other reasonable hypothesis, except that of the defendant's guilt." A comparison of the two instructions reveals that the tendered instruction repeats verbatim the court's instruction with the addition of the clause: "and if the evidence can be reconciled with the theory of the defendant's innocence, it is your duty to do so." But, in the court's instruction No. 10, the jurors were told that it was their "duty to reconcile all the statements of witnesses on the theory that the defendant is innocent, if you can." Neither tendered instruction No. 2 nor tendered instruction No. 12 contained any material matter that was not clearly and adequately presented to the jury by instructions given by the court.

Our discussion of appellant's objection to instruction No. 17 in cause No. 25,154, *Gears* v. *State, supra,* fully covers appellant's objection to instruction No. 16 in the instant cause.

For purposes of retrial, the trial court is referred to the opinion in cause No. 25,154, *Gears* v. *State, supra,* for discussion and holdings on questions of admissibility of evidence and sufficiency of the evidence to sustain the verdict.

We hold that it was reversible error for the trial

court to refuse to nominate and submit the names of three competent and disinterested persons for the purpose of securing a second special judge, and, for this reason, the motion for a new trial should have been sustained.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.