STATE EX REL. GANNON ETC. *v.* PORTER CIRCUIT COURT, BURNS, JUDGE.

[No. 29,778. Filed July 3, 1959.]

*Charles W. Gannon,* of Gary and *Patrick Brennan,* Prosecuting Attorney, 60th Judicial Circuit, for relator.

*Carl M. Franceschini, Robert J. Salek,* both of La Porte, and *William G. Conover* of Valparaiso, for respondents.

ACHOR, J.—This is an action for writ of mandate. The essential facts are as follows:

One Robert Lee Johnson was charged with murder in the St. Joseph Circuit Court in 1953. He filed a motion for change of venue from that county and pursuant thereto the venue was changed to the La Porte Circuit Court. Thereafter on motion of the defendant, and over the objection of the state, the La Porte Circuit Court granted a second change of venue

from the county. This court in the case of *State ex rel. Fox, etc.* v. *La Porte Cir. Ct. et al.* (1956), 236 Ind. 69, 138 N. E. 2d 875, mandated the respondents to expunge the record of such second change of venue for the reason that the court was without authority to grant such second change.

Thereafter the cause was submitted to a jury for trial in the La Porte Circuit Court, however because of "reprehensible" publicity given the case, as reported in the case of *LaGrange etc.* v. *State* (1958), 238 Ind. 689, 153 N. E. 2d 593, on request of both the defendant and the state submission was withdrawn from the jury.

Thereafter, the defendant filed a verified motion for change of venue from the county which stated among other things "that because of the discussion of this defendant and his defense it would be impossible for this defendant to have this case heard by a jury in La Porte County."

To this motion Raymond M. Fox, Jr., the prosecuting attorney of the 32nd Judicial Circuit (La Porte County) and Patrick Brennan, the prosecuting attorney of the 60th Judicial Circuit (St. Joseph County), filed an answer to said motion admitting all its material allegations. The State of Indiana in said answer further expressly consented to the requested transfer and affirmatively stated "that it would be impossible to obtain a fair and impartial trial of the issues involved in this action in La Porte County, Indiana because of the great publicity attendant to this cause as alleged in defendant's verified application."

Thereupon, relator herein, as special judge in said cause entered an order changing the venue of said cause from the La Porte Circuit Court to the Porter

Circuit Court, and thereupon said cause was transferred to the Porter Circuit Court.

Thereafter, this respondent, as judge of the Porter Circuit Court, upon his own motion entered a finding that the order of the La Porte Circuit Court granting a change of venue from La Porte Circuit Court to Porter Circuit Court in said cause was void and conferred no jurisdiction of the subject matter of said action or the person of said defendant upon Porter Circuit Court. The respondent thereupon entered an order remanding said cause from Porter Circuit to La Porte Circuit Court.

In support of his action respondent relies upon the case of *State ex rel. Fox, supra.* We therefore examine the law and the facts in that case to ascertain its decisive effect upon the facts in the case at bar. We find that the facts with which we are presently concerned differ in two essentials from those present in the former instance.

*First*: There is a difference in the substantive facts stated in the affidavits for change of venue. In the former case the affidavit merely alleged the statutory grounds in general terms that the defendant could not have a fair trial "on account of excitement and local prejudice" of the citizens of the county. Here, however, the affidavit asserted that on the basis of specifically stated facts "it would be impossible for the defendant to have this case heard *by a jury* in La Porte County and have the case decided solely upon the evidence presented in court." (Our italics.) The statement is tantamount to an allegation that it would be impossible to obtain *an impartial jury* to try the case in La Porte County.

This distinction is significant for the reason that here we are concerned with a second change of venue

not authorized by statute[1] nor is it authorized by the Constitution[2] except in so far as it guarantees to the accused "a public trial, by an *impartial jury* in the county in which the offense shall have been committed." (Our italics.)

The decree granting the change in the former instance was unauthorized since it did not rest upon any statutory authority, since the statute which authorized a change on account of "excitement and local prejudice" expressly limited the right to such change to "only one change from the county."

Neither did the change rest upon constitutional authority. The constitutional provision only guarantees "a public trial by an *impartial jury* in the county in which the offense shall have been committed." (Our italics.) Therefore in the former instance the change was not sustained upon constitutional authority since there was no specific allegation, agreement or finding of fact that an *impartial jury* could not be obtained without such change of venue.

*Second*: In this case, as contrasted with the prior decision in the Fox case, *supra,* the state has concurred in the fact that under the specifically stated circumstances it would be impossible to obtain an impartial jury to try the case in the county of present venue.

This distinction is significant, for although under the Constitution (Art. 1, §13, *supra*) the accused is entitled to a trial by an "impartial jury," nevertheless the public policy regarding the venue of the action is unequivocally expressed. Except as otherwise authorized venue under the Constitution must be in the

---

1. Sections 9-1301 and 9-1305, Burns' 1956 Repl. [Acts 1905, ch. 169, §207, p. 584.]

2. Article 1, §13, Constitution of Indiana.

county where the offense was committed (except that by statute one change from the county is permitted "on account of excitement and local prejudice" which might interfere with the trial.)

The place of trial, like the right to trial by jury itself[3] is a matter in which both the accused and the state are interested. It is of concern to both that the trial be had with the least possible delay and with the greatest possible advantage to both in the procuring of witnesses, and that the jury be permitted to view the situs of the offense, if desired.

For these reasons, where as in the former instance the state objected to a second change, it must be made to appear after attempt has actually been made to secure an impartial jury that such jury could not be obtained in the county of present venue. In the former case no attempt had been made to procure an impartial jury, nor was this deficiency supplied by a stipulation or agreement by the state that such facts existed. Therefore, the granting of the second change was contrary to law. However, in the instant case both the accused and the state in effect stipulate to facts which require a change in order that the accused be tried by an impartial jury as is his constitutional right.

When all the parties, including the State, agree and the court finds that it will be impossible to procure an impartial jury to fairly try a cause in the county of present venue, and when under such circumstances a verdict of guilty, if returned, could not be sustained on appeal because of the admission of error on the part of the state, it would be nonsensical for the law to say to the parties and the

3. *Alldredge* v. *State* (1959), 239 Ind. 256, 156 N. E. 2d 888.

court, nevertheless you cannot transfer the trial to another county to avoid such error. Faced by such a predicament it becomes the duty of the judiciary to provide to every accused a public trial by an impartial jury, even though to do so the court must grant a second change of venue and thus contravene the general legislative policy of granting only one change of venue from the county.

See: *Fitch* v. *Gundrum* (1919), 69 Ind. App. 572, 122 N. E. 428; *Center Township* v. *The Board of Commissioners of Marion County, et al.* (1887), 110 Ind. 579, 10 N. E. 291; *Gears* v. *State* (1932), 203 Ind. 400, 180 N. E. 592; *Watson* v. *Brady* (1932), 205 Ind. 1, 185 N. E. 516; 56 Am. Jur., *Venue*, §43, note 8, p. 49; 92 C. J. S. §217, p. 991.

The alternative writ of mandate heretofore issued is therefore made permanent.

Arterburn, J., concurs.

Landis, J., concurs in the result

Bobbitt, J., dissents with opinion in which Jackson, J., concurs.

### DISSENTING OPINION

BOBBITT, J.—I dissent from the majority opinion for the following reasons:

1. The motion for a change of venue in *State ex rel. Fox, etc.* v. *LaPorte Cir. Ct. et al.* (1956), 236 Ind. 69, 71, 138 N. E. 2d 875, alleged that the defendant could not have a fair trial "on account of bias and local prejudice" of the citizens of the county. These were the statutory grounds for a change of venue from the county in a criminal case. Acts 1927, ch. 132, §10, p. 411, being §9-1301, Burns' 1956 Replacement.

In my opinion the facts alleged in the motion for a change of venue from the county in the present

case are no different in substance than those in the Fox Case. But even if they were, this would not authorize this court to enact a new change of venue law by judicial *fiat*.

2. The right to a second or subsequent change of venue in the case of *State* v. *Robert Lee Johnson*[1] was adjudicated in *State ex rel. Fox, etc.* v. *La Porte Cir. Ct. et al., supra,* and this decision is the law of the case and must be followed in all subsequent proceedings in that case, both in the trial court and in subsequent appeals.

F. W. and H., Ind. Tr. and Pract. § 2791, p. 375.

3. The majority opinion separates from the provision of Art. 1, §13, of the Constitution of Indiana which provides that, "in all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; . . .", the phrase "by an impartial jury" and holds that under certain named circumstances, "it becomes the duty of the judiciary to provide to every accused *a public trial by an impartial jury*," without regard to the county in which the crime was committed. (My italics.)

As recently as December 17, 1956, this court-*four* members of the *present court* concurring—in *State ex rel. Fox, etc.* v. *La Porte Cir. Ct. et al., supra* (1956), 236 Ind. 69, at page 79, 138 N. E. 2d 875, at page 880, said:

> "The language in this clause of Article 1, Section 13, *supra,* is plain and specific. It does not say that the accused may have a trial by an impartial jury *in a county adjoining that in which the offense was committed*. The phrase 'by an impartial jury' cannot be separated from the re-

---

1. See majority opinion.

mainder of the clause of which it is a part, but must be construed with and in relation to the other phrases 'the right to a public trial' and 'in the county in which the offense shall have been committed.'

"Section 13 of Article 1 sets forth five specific rights (1) the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; (2) to be heard by himself and counsel; (3) to demand the nature and cause of the accusation against him, and to have a copy thereof; (4) to meet the witnesses face to face; and (5) to have compulsory process for obtaining witnesses in his favor.

"These rights are of equal rank and importance. They are not vested rights and any and all of them may be waived by an accused. The provision for trial 'by an impartial jury' is not a separate specific right, granted without limitation as to the place where it is to be exercised, but rather is restricted by the phrase which follows it, viz., 'in the county in which the offense shall have been committed.' The only function of these two phrases is to describe and define the kind of public trial to which the accused is entitled."

If this construction of Art. 1, §13, *supra*, is to be so soon cast aside in order to reach a desired result in the present case, then the Fox Case should be specifically overruled.

4. I also dissent because I believe the reasons advanced by the majority opinion and in the concurring opinion by Judge Achor in *State ex rel. Fox, etc.* v. *LaPorte Cir. Ct. et al., supra,* for denying a second change of venue from the county, apply with equal force in the present case.

5. The number of changes of venue is strictly limited in Indiana by statute. Acts 1905, ch. 169, §207, p. 584, being §9-1305, Burns' 1956 Replacement. It has been held that the purpose of statutes which limit

the right to a second change of venue "is to forbid dilatory procedure, that they are mandatory, and that a second change of venue in breach thereof cannot give jurisdiction to the court to which the action is removed, even though both parties appear and go to trial. Under other statutes, only one change of venue can be had, and the granting of one application precludes the allowance of another, . . ." 92 C. J. S., Venue, §211, p. 985. I think the above rule is controlling here.

I would dissolve the alternative writ and deny a permanent writ.

Jackson, J., concurs in the foregoing opinion.

NOTE.—Reported in 159 N. E. 2d 713.