STATE EX REL. RED CAB, INC. V. SHELBY
CIRCUIT COURT, ET AL.

[No. 30,220. Filed June 21, 1962.]

*Ruckelshaus, O'Connor & Ruckelshaus, Murray, Mannon, Fairchild & Stewart, Alvin E. Meyer,* all of Indianapolis, and *Brunner, Brown & Brunner* of Shelbyville, for relator.

*Harold G. Barger, pro se.*

JACKSON, J.—Relator, Red Cab, Inc., seeks the issuance of an alternative writ of mandate against the respondents, Shelby Circuit Court and the Judge thereof, commanding them to grant a change of venue from the county in cause No. 30072 pending in said Court. Further, relator seeks a temporary writ of prohibition directing the respondents to refrain from exercising further jurisdiction in said cause until further order of this Court.

Relator is the defendant in cause No. 30072 which is a complaint for damages pending in the respondent court, entitled "The Indiana National Bank of Indianapolis as Guardian of the Estate of Dana Joe Tingle, Plaintiff, vs. Red Cab, Incorporated, Defendant."

Said complaint for damages was originally filed in the Superior Court of Marion County, Indiana. Relator as defendant in the cause filed a motion for change of venue from the county which was granted, and the cause was venued to Shelby County, Indiana.

Trial by jury was had in the respondent court, however, the jury being unable to agree on a unanimous verdict, they were discharged on June 20, 1961.

Thereafter, on November 16, 1961, the cause was set for trial on March 12, 1962.

On February 8, 1962, relator as defendant in pending cause No. 30072, filed with the respondent court a motion for change of venue from the county. Said motion alleged, *inter alia*, that there was widespread publicity attendant upon the trial of the cause concerning the inability of the jury to agree upon a verdict. In addition, publicity was given of attempts of compromise between counsel for and in behalf of the respective parties to said litigation. As a result, it was alleged that the "ends of justice" would be promoted by a change of venue from Shelby County, Indiana.

Three affidavits of persons who were residents of Shelby County, Indiana, were filed with the motion for change of venue. Each of these affidavits stated in substance that the affiant learned, "by word of mouth," of a trial that took place in the respondent court in June, 1961, in which a claim was asserted against the Red Cab Company on behalf of a badly injured young girl. Further, each affiant alleged that he learned that there was a "hung jury" in said case and that the defendant had made a substantial offer of settlement of said claim. In addition to these affidavits, a clipping from a local newspaper was filed with the motion for change of venue. The clipping contained a story about the end of the trial of said cause and the "hung jury." Also, there was filed an "Affidavit of Performance" made by the vice-president of the local radio station to the effect that the station had broadcast four times on June 20, 1961, a news story that the jury was "hopelessly deadlocked" in said cause.

The motion for change of venue from the county was overruled by the respondent judge.

Relator in this original action contends that there is an analogy between the present case and the situation where a case is reversed by an appellate tribunal. In the latter situation, express provision is made by statute[1] for a change of venue from the county regardless of any previous changes taken.

We believe that the analogy is inappropriate as applied to the present case. First, as relator acknowledges, no provision is made either by statute or the Rules of this Court for a change of venue in the present circumstances. Rule 1-12B of the Rules of this Court, as relator notes, is directly contrary to the position taken by relator. Said Rule provides in part:

> "In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion therefor by a party or his attorneys: Provided, however, *a party shall be entitled to only one change from the county* and only one change from the judge." [Emphasis added.]

Second, the analogy is further inappropriate in that no verdict or decision adverse to the relator has been reached in the cause pending in the court below. The jury was discharged as being deadlocked in disagreement.[2]

---

1. Acts 1947, ch. 186, §1, p. 620, being §2-1432, Burns' 1961 Cum. Supp.

2. Even if the situation here was appropriate as an analogy to the situation where a change of venue from the county is granted upon a reversal of a cause by an Appellate Tribunal, relator's request in this case came too late under Rule 1-12B. Such request must come not later than ten (10) days after the party has knowledge the cause is ready to be set for trial. In the instant case, an entry on November 16, 1961, indicates that the cause was set for trial on March 12, 1962. The motion for change of venue from the county was made on February 8, 1962. Relator has made no allegation showing why he could not have discovered earlier the facts forming a basis for a change.

Nevertheless, relator next contends that where a second or subsequent change of venue from the county is necessary to insure a fair trial, it must be granted even where there is express statutory and court rule prohibitions to the same. Relator cites the following cases in support of his contention, *State ex rel. Gannon etc.* v. *Porter Cir. Ct. et al.* (1959), 239 Ind. 637, 159 N. E. 2d 713; *Irvin* v. *Dowd* (1961), 366 U. S. 717, 6 L. Ed. 2d 751, 81 S. Ct. 1639.

The factual situations of these cases are clearly distinguishable from the case at bar and they are not precedents for the instant case.

Relator also contends that there was an abuse of discretion by the respondent judge in refusing to grant the requested second change of venue from the county since relator's verified motion was not refuted by counter-affidavits of the opposing party and must be taken as true.[3]

Suffice to say, mandamus does not lie to control the discretion of the judge, but to command the performance of a legal duty. *State ex rel. Burton* v. *Gelb* (1947), 225 Ind. 330, 333, 75 N. E. 2d 151; *State ex rel. Botkin* v. *Delaware Circuit Court* (1960), 240 Ind. 261, 266, 162 N. E. 2d 611.

It has been held that mandate will lie to compel the granting of a change of venue from the county where such change of venue is allowed by law, and timely, proper and sufficient application has been filed therefor. *State ex rel. Bradshaw* v. *Probate Ct.* (1947), 225 Ind. 268, 73 N. E.

---

3. Cf.: *State ex rel. Kielpikowski* v. *Murray, Judge, etc.* (1960), 240 Ind. 222, 227, 163 N. E. 2d 597.

2d 769. This is not the situation here where the change of venue is not allowed by law.[4]

Therefore, the writs of mandate and ■ prohibition petitioned for are denied.

Achor, Bobbitt and Landis, JJ., concur.

Arterburn, C. J., dissents with opinion.

## DISSENTING OPINION.

ARTERBURN, C. J.—Following a trial which ended in a "hung jury" in Shelby County, the relator asked for a change of venue because of publicity that was generated by the trial and other surrounding circumstances. The relator had previously been granted one change of venue prior to the trial. The application for the second change of venue alleged the impossibility of a fair trial in Shelby County because of unfavorable publicity and prejudice that existed generally throughout the county. The facts as to the prejudice and publicity were uncontradicted. The trial

---

4. Relator's motion for change of venue from the county is not alleged in terms of the statute listing causes for such change. Relator (in general terms) petitions for a change of venue in order that "the ends of justice be promoted." Applicable provisions of the statute allow a change for the following causes:

" . . . .

"Third. That the opposite party has an undue influence over the citizens of the county, or that an odium attaches to the applicant, or to his cause of action or defense, on account of local prejudice. . . .

"Fifth. *Showing to the satisfaction of the court* that the convenience of witnesses *and* the ends of justice would be promoted by the change. [Emphasis added.]

" . . . ."

Acts 1881 (Spec. Sess.), ch. 38, §255, p. 240 being §2-1401, Burns' 1946 Replacement.

In *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 509, 513, 99 N. E. 2d 252, it was stated: "An application for change of venue from the county must state one of the causes expressly mentioned in the statute as authorizing a change of venue from the county . . . ."

court denied the second application for a change of venue.

Under the Constitution a party has a right to a trial by jury which "shall remain inviolate." This includes a fair and impartial jury, and no statute, in my opinion, can infringe upon the right of a party to have a fair and impartial jury by limiting the change of venue to one application where the facts are undisputed that an impartial jury cannot be obtained in the county. Were the facts in dispute here as to the prejudice, the determination of the trial court in the absence of any abuse of discretion would be final. Here, however, proof of existing prejudice in the county of venue goes undenied and is not in dispute. We ask: What can a trial court do where the facts are undisputed that a party cannot obtain a fair trial in such county? We have answered that question previously when we stated:

> "When all the parties, including the State, agree and the court finds that it will be impossible to procure an impartial jury to fairly try a cause in the county of present venue, and when under such circumstances a verdict of guilty, if returned, could not be sustained on appeal because of the admission of error on the part of the state, it would be nonsensical for the law to say to the parties and the court, nevertheless you cannot transfer the trial to another county to avoid such error. Faced by such a predicament it becomes the duty of the judiciary to provide to every accused a public trial by an impartial jury, even though to do so the court must grant a second change of venue and thus contravene the general legislative policy of granting only one change of venue from the county." *State ex rel. Gannon etc.* v. *Porter Cir. Ct. et al.* (1959), 239 Ind. 637, 642, 159 N. E. 2d 713, 715.

We recognize that in the above case both parties to the case agreed that it was impossible to secure a

fair trial in the county. It appears to us the situation is no different where the facts are undisputed that the parties cannot obtain a fair trial because of prejudice in the county. Faced with such a predicament, a court of general jurisdiction is not powerless to grant a fair trial. The Constitution is above any statutory enactment preventing a fair trial, and a statute which limits a change of venue to one application where it is impossible to obtain a fair trial and impartial jury, is unconstitutional to that extent. *Crocker* v. *Justices of the Superior Court* (1911), 208 Mass. 162, 94 N. E. 369; *Willoughby* v. *Railroad Co.* (1896), 46 S. C. 317, 24 S. E. 308; *Shipley* v. *Pedmanente Hospital* (1954), 127 Cal. App. 2d 417, 274 P. 2d 53, 48 A. L. R. 2d 964.

We have said:

" . . . The trial court may not refuse to consider and weigh competent, uncontradicted evidence." *Egbert* v. *Egbert* (1948), 226 Ind. 346, 352, 80 N. E. 2d 104, 107; *Wasy* v. *State* (1956), 236 Ind. 215, 138 N. E. 2d 1.

The relator seeks this second change of venue, not as a matter of statutory right, but as a matter of constitutional right.

I think the writ of mandate should be granted in this case.

NOTE.—Reported in 183 N. E. 2d 336.