No. 9719.

## JOHNSON v. HERR.

REVIEW OF JUDGMENT.—*Pleading.*—*Diligence.*—*Negligence.*—A complaint to review a judgment, for new matter discovered since its rendition, is insufficient, when it shows, by the facts stated, that such new matter could have been discovered before judgment by reasonable diligence, although the complaint contains the allegation that it could not have been so discovered. Facts may be shown constituting such negligence as will prevent such relief under the statute.

From the Cass Circuit Court.

*J. A. Chappelow,* for appellant.

*C. E. Hale,* for appellee.

FRANKLIN, C.—This is an action by appellant to review a judgment rendered against him and in favor of appellee. A demurrer was sustained to the complaint, which ruling is complained of as error.

The complaint is for both the statutory causes, error occurring at the trial and for newly discovered matter. Appellant in his brief does not insist upon any error occurring at the trial manifest upon the face of the record, but relies upon newly discovered matter as the basis of his action to review. He claims that he had executed a note to appellee in payment of a former judgment; that the judgment sought to be reviewed was rendered on the said note; that in the computation in the amount of the former judgment a mutual mistake of $50 was made, and the note was given for $50 more than was then due appellee, and that as to said $50 the note was without any consideration; that at the time the judgment sought to be reviewed was rendered he had no knowledge of said mistake, "and that it could not have been discovered before judgment by reasonable diligence; that he did not discover said mistake and material new matter until long after said judgment was taken; that as soon as he discovered said mistake this plaintiff commenced proceedings to review said judgment."

The foregoing extract from the complaint contains all its allegations in relation to the diligence used. In the case of *Gregg* v. *Louden,* 51 Ind. 585, where the plaintiff alleged that "he could not, by any reasonable diligence, have discovered said new matter," etc., the court held that "facts should be stated, and the court should determine from them what he could or could not have done. The paragraph creates the impression that the plaintiff herein negligently suffered judgment to be taken against him, and now seeks to be relieved

from the consequences of such negligence.    This relief can not be granted."

In the case of *Peyton* v. *Kruger,* 77 Ind. 486, this court used the following language : "After a judgment at law, equity was wont to afford relief, on account of the discovery of new matter, only upon a showing of due diligence before the trial, and such is the rule of the code.    2 R. S. 1876, p. 249, sec. 588.    The complaint shows no diligence whatever ; but, on the contrary, a careless assumption, which is sought to be dignified into a legal presumption. * * *  The proper thing was to get ready for trial ; and that he did not do so was, under the circumstances stated, a degree of negligence which effectually bars all claim to equitable relief."

The language of the statute referred to in the latter case is that the complaint to review shall "show that the new matter could not have been discovered before judgment by reasonable diligence."

The former judgment was a matter of record, and very little diligence would have discovered, before the trial, whether the note had been given for the correct amount.    We see nothing that would have prevented this discovery before the trial as easily as it was discovered after the trial.    The complaint does not state any facts showing any diligence whatever before the trial.    No attempt is shown to have been made to defend against the judgment upon the note.    We think the facts stated show a degree of negligence that prevents the case from being within the provisions of the statute for granting relief by a bill of review.    It is not enough to say that this new matter could not have been discovered by reasonable diligence before the trial, when the facts stated show that it could have been so discovered.

There was no error in sustaining the demurrer.    The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is in all things affirmed, with costs.