Center Township *v.* The Board of Commissioners of Marion County *et al.*

No. 13,440.

CENTER TOWNSHIP *v.* THE BOARD OF COMMISSIONERS OF MARION COUNTY ET AL.

JURISDICTION.—*Change of Venue.—Consent.—Estoppel.*—Where, upon application for a change of venue, the parties consent that the cause, or any matter pending therein, may be transferred to a certain court, which has jurisdiction of the subject-matter, they thereby confer complete jurisdiction, and are estopped to afterwards question it.

SUPREME COURT.—*Mandate on Reversal of Judgment.—Duty of Trial Court.— Arrest of Judgment.—Special Finding.*—Where a cause is remanded by the Supreme Court, with instructions to the trial court to re-state its conclusions of law and to render a particular judgment, the latter court has

Center Township v. The Board of Commissioners of Marion County *et al.*

no discretion, but must render the judgment in accordance with the mandate, and motions in arrest, and for the correction of the special findings, should be overruled.

SAME.—*Rehearing.*—*Conclusiveness of Judgment.*—The judgment of the Supreme Court denying a rehearing, and finally disposing of a cause, is conclusive as to all matters which were or might have been litigated therein.

JUDGMENT.—*Relief from.*—*Mistake.*—*Error in Special Finding.*—Error of the trial court in its special findings of facts, no matter how occurring, is not the mistake of a party within the meaning of section 396, R. S. 1881, for which relief may be had from the judgment.

SAME.—*Equity.*—*Negligence.*—Equity will not relieve a party from a judgment at law, where it appears that he had a valid defence which he negligently failed to interpose at the proper time, nor will it relieve against a mistake where the exercise of ordinary and reasonable diligence would have disclosed the truth.

From the Tippecanoe Circuit Court.

*A. C. Harris, W. H. Calkins, H. N. Spaan* and *J. R. Carnahan,* for appellant.

*S. M. Shepard, J. B. Elam, C. Martindale, S. R. Downey, G. W. Stubbs* and *J. W. Baird,* for appellees.

HOWK, J.—This is the same case which was appealed to this court from the Marion Superior Court, and was finally decided here on the 24th day of May, 1886. The opinion and judgment of this court, on that appeal, are reported under the title of *Board, etc.,* v. *Center Township,* 105 Ind. 422.

On that appeal the cause was presented, heard, considered and decided here upon the trial court's special findings of the facts, and its conclusions of law thereon. The judgment of the Marion Superior Court was then reversed, and the cause was remanded, with instructions to state its conclusions of law in accordance with the opinion of this court then pronounced, and to render judgment thereon in favor of the Indianapolis, Decatur and Springfield Railway Company, against the Board of Commissioners of Marion County, for $65,000, and interest thereon at six per cent. per annum from the 18th day of March, 1881.

Center Township *v.* The Board of Commissioners of Marion County *et al.*

Upon the return of this cause into the Marion Superior Court, and before the court had stated its conclusions of law and rendered judgment thereon, as required by the mandate of this court, Center township, the sole appellant herein, by its counsel, interposed a written motion in arrest of such judgment, and for the correction, so called, of the special findings of facts in certain specified particulars. This motion was overruled by the court, and to this ruling Center township excepted, and filed its bill of exceptions; and thereupon the trial court, in obedience to the mandate of this court, restated its conclusions of law upon the facts theretofore specially found. Upon such conclusions of law, on the 7th day of June, 1886, the trial court ordered, adjudged and decreed that the Indianapolis, Decatur and Springfield Railway Company, on its cross complaint herein, recover of and from the board of commissioners of Marion county the sum of $85,-355.77, such judgment to bear six per cent. interest per annum, to which judgment Center township then excepted, and to all of such judgment in excess of $68,252.76, being the amount not paid out by it, the board of commissioners of Marion county then excepted. It was then and there further ordered, adjudged and decreed by the court, that the plaintiff, Center Township, take nothing by its suit herein, and that the defendants have and recover of it their costs and charges herein, taxed at —— dollars.

Thereupon Center township filed its verified motion to be relieved from such judgment then taken against it, in favor of the Indianapolis, Decatur and Springfield Railway Company, and the affidavits of Ernest Kitz and H. N. Spaan, Esq., in support of such motion; and such railway company also filed the affidavits of J. V. McNeal and of Shepard, Elam and Martindale, in opposition to such verified motion of Center township.

Thereupon the railway company aforesaid moved the court, upon affidavit filed, for a change of judge and a change of venue, which motion the court sustained, and the court then

announced that, if there were no objections, it would trans-
fer the matters pending herein to the circuit court of Tippe-
canoe county, before the Honorable David P. Vinton, judge
of such court.  "And thereupon each of the parties hereto,
by counsel, having severally in open court consented that
the matters now pending herein should go to the said Tip-
pecanoe Circuit Court," it was ordered by the court that the
venue of such matters then pending should be transferred to
such circuit court for further hearing and determination.

Afterwards, on September 27th, 1886, in such Tippecanoe
Circuit Court, the matters so pending herein as aforesaid hav-
ing been fully heard and considered, the verified motion of
Center township to be relieved from the judgment taken
against it, in favor of the aforesaid railway company, was
overruled by the court, and to this ruling the plaintiff, Center
township, and the defendants, Wright and others as taxpayers,
and the board of commissioners of Marion county, each sep-
arately and severally at the time excepted, and filed their bills
of exceptions.    Thereupon the court adjudged that such rail-
way company recover of Wright and others, taxpayers, and
of Center township, its costs taxed, etc., and from this judg-
ment this appeal is now here prosecuted.

Errors are assigned here by appellant, Center township,
which call in question the overruling (1) of its motion in ar-
rest of judgment and for the correction of the trial court's
special findings of facts, and (2) of its motion to be relieved
from the judgment against it, in favor of the aforesaid rail-
way company.

Cross errors have also been assigned by Wright and others,
as taxpayers, who are named as appellees in this court.  These
cross errors do not differ from the errors assigned here by
Center township, except in this, that a cross error is assigned
which questions the jurisdiction of the Tippecanoe Circuit
Court to hear and determine the pending matters, which were
transferred to that court, upon change of venue and of judge,
from the Marion Superior Court.    If this cross error be well

assigned, of course all the proceedings of such circuit court herein were *coram non judice,* and void, and its orders and judgment must be reversed, if Wright and others are in a condition to assert here and insist upon such cross error. It is not claimed, or can not be successfully claimed, that the court below had no jurisdiction of the subject of the matters transferred to it upon change of venue. This being so, Wright and others are estopped from claiming, and can not be heard to claim, that the court below had no jurisdiction to hear and determine the very matters, which, as is shown by the record, were transferred to such court for further hearing and determination, *after* they, by their counsel, had, in open court, severally consented to such transfer thereof. When the Marion Superior Court announced, as it did, that it would transfer the matters then pending in this case to the circuit court of Tippecanoe county, and before the honorable judge of such court, if there were no objections, it became the duty of each and every party to the record, if he or they intended to challenge the jurisdiction of that court upon any ground, to state at once his or their objections to such transfer, and the reasons therefor. In such case the party can not remain silent even, and afterwards avail himself of an objection to the jurisdiction, for his silence would preclude or estop him from asserting such objection almost, or quite, as effectively as would his consent in open court to such transfer, *unless,* indeed, the objection goes to the jurisdiction of the subject-matter, which is not and can not be waived. Here, as we have seen, the jurisdiction of the Tippecanoe Circuit Court of the subject-matter, upon a change of venue and of judge properly applied for and duly granted by the court having original jurisdiction, is unquestioned and unquestionable. In such case, the consent of the parties to the transfer of the matters pending to the court below for hearing and decision, as shown by the record, of itself conferred jurisdiction, and estopped such parties from thereafter questioning or denying the jurisdiction of that court.

Besides, all the parties to the record and the Marion Superior Court seem to have considered and treated the pending motions, at the time the change of venue and of judge was granted, as motions in and parts of the original cause. As shown by the record, these motions were entitled in the original cause, and, after they were overruled by the Tippecanoe Circuit Court, the record of the Marion Superior Court in such original cause was brought to this court by Center township, as a necessary part of the transcript, on its appeal from the proceedings, orders and judgment of the court below. Whether the original cause was an ordinary civil suit, or a suit in chancery, or a special proceeding, it was the "one form of action" which, in section 249, R. S. 1881, is "denominated a civil action." In any civil action, "upon the application of either party," made upon affidavit showing one or more of the statutory causes, mentioned in section 412, R. S. 1881, the court in term or the judge in vacation, before whom such action is pending, has no discretion, but must grant the change of venue or the change of judge. This is settled by many decisions of this court. *Krutz* v. *Griffith*, 68 Ind. 444; *Shoemaker* v. *Smith*, 74 Ind. 71; *Heshion* v. *Pressley*, 80 Ind. 490; *Burkett* v. *Holman*, 104 Ind. 6.

It can not be doubted, therefore, that either party to the record, upon an affidavit at the proper time and by the proper person, showing one or more of the statutory causes therefor, would have been entitled to a change of venue or a change of judge, in the original cause. Whether "the matters pending herein," which were transferred, upon the change of venue and change of judge, to the circuit court of Tippecanoe county, and before Judge Vinton, judge of such court, were or were not motions in the original cause; it is certain, we think, that neither Center township, nor Wright and others, as taxpayers, are in a condition to claim that "the matters pending herein," so transferred as aforesaid, were not motions in and parts of such original cause.

If the matters so pending were parts of the original cause, there was no error in granting the change of venue and change of judge, in such cause, and the Tippecanoe Circuit Court, and Judge Vinton, as judge thereof, acquired full and complete jurisdiction of all matters, then pending and undetermined therein.

It is claimed on behalf of Center township, and of the taxpayers of such township who have here assigned cross errors, that the Marion Superior Court erred in overruling appellant's motion in arrest of the judgment, which that court was instructed to render by the judgment and mandate of this court, and for the correction of the special findings of facts, so as to show that the aforesaid railway company had not in fact, as the trial court had found, located and built its principal machine shops within the limits of Center township, but that in truth and in fact, and contrary to what the court had found to be the fact, such railway company had located and built its principal machine shops outside of the limits of Center township, and within the limits of Wayne township, in Marion county. We are of opinion that no error was committed by the court in overruling such motion. In section 660, R. S. 1881, as applicable to the case in hand, it is provided as follows: " When the judgment is reversed, in whole or in part, the Supreme Court shall remand the cause to the court below, * * * * if no new trial is required, with particular instructions relative to the judgment to be rendered and all modifications thereof." When this cause was here before, *Board, etc.*, v. *Center Township, supra*, in the opinion of the court it is said, *in limine* : " This case was disposed of below upon a special finding of facts and conclusions of law thereon. Whether or not the conclusions of law are correct, is the only question for discussion by this court."

After an exhaustive examination and careful consideration of that question, this court concluded that the trial court had erred in its conclusions of law upon the facts specially

found. Thereupon, the judgment below was in all things reversed by this court. The facts of the case appeared to have been fully and correctly found by the trial court, in its special finding of facts, and no new trial was required. Indeed, all the parties to the record, save only Center township, excepted to the court's conclusions of law, and thereby admitted, as we have often held, that the facts had been fully and correctly found. *Shoemaker* v. *Smith*, 100 Ind. 40; *Helms* v. *Wagner*, 102 Ind. 385; *Burdge* v. *Bolin*, 106 Ind. 175 (55 Am. R. 724). When the judgment was reversed, therefore, we remanded the cause to the Marion Superior Court, "with particular instructions relative to the judgment to be rendered." It became the duty of that court to comply implicitly, and without unnecessary delay, with such instructions, and to render judgment in accordance therewith. That court had no discretion; it had, in fact, no power to render any other or different judgment, in this case, than the judgment it was required to render by the instructions and mandate of this court. In *Julian* v. *Beal*, 34 Ind. 371, the court said: "It is the duty of the inferior courts of this State to implicitly obey and execute in good faith the decisions and orders of this court, and if this be not done the administration of justice would become a farce and a reproach." So, also, in *Dodge* v. *Gaylord*, 53 Ind. 365, it was said: "It was the solemn and imperative duty of the court below to carry out in good faith the decision and instructions of this court." Upon this point, see, also, the numerous authorities there cited. ,

Appellant's motion in arrest of judgment, and for the correction of the special findings of facts, we think, was correctly overruled for another reason. Substantially the same questions, which were presented by such motion, had been previously presented to and considered by this court, by the petition of Center township for a rehearing, in *Board, etc.*, v. *Center Township, supra.* From the opinion of this court upon such petition, it will be seen that the principal

Center Township *v.* The Board of Commissioners of Marion County *et al.*

ground upon which the rehearing was prayed for was, that the record of the cause did not speak the truth as to one matter of fact, upon which the original opinion was largely rested in deciding the case in favor of the above named railway company. The fact referred to, as specially found by the trial court, was substantially that such railway company, as the successor of the Indiana and Illinois Central Railway Company, some time prior to the trial of the cause, had located and built its principal machine shops within the limits of Center township. It was claimed in the petition for a rehearing, and correctly so as it appeared, that the fact thus found by the court was not true, but that, on the contrary, the fact was that the principal machine shops of such railway company were located and built beyond the line dividing Center and Wayne townships, in Marion county, and within the limits of Wayne township. It was further claimed in such petition, that this mistake of fact, as it was called, had its origin in the mutual mistake of the counsel engaged in the cause, as to the actual and true location of the principal machine shops of the railway company.

Of this last claim in such petition, in the opinion of the court thereon, it is said: "However this may have been, during the pendency of the cause in the court below, it is shown with reasonable certainty, as it seems to us, that the able attorney of Center township was fully informed of such mistake of fact in the special finding of facts, and that such railway company had, in fact, located and built its principal machine shops within the limits of Wayne township, and not, as specially found by the trial court, in Center township, before the oral argument of the case in this court was fully heard, or the cause was finally submitted for our decision. We were not informed of any mistake of fact in the record, but we heard and decided the cause, with the belief and upon the supposition that the record before us, as it ought to have done, imported 'absolute verity.' * * * We are now asked, on behalf of such township, to grant a

rehearing and a stay of proceedings in the pending appeal, until such time as the record below can be so corrected that it will 'speak the truth.' "

This petition was denied by this court, and this denial was, we think, under the law, the end of this case and of all matters which were or might have been litigated therein. This has always been the law in this State, since *Fischli* v. *Fischli*, 1 Blackf. 360.

The only other error complained of here is the overruling by the Tippecanoe Circuit Court of the motion of Center township to be relieved from the judgment of the Marion Superior Court, entered herein in compliance with the instructions of this court. This motion is based upon the same mistake of fact, heretofore spoken of, in the special finding of facts, which mistake it was claimed had its origin in the mutual mistake of the counsel engaged in the cause, as to the actual and true location of the principal machine shops of the railway company. Indeed, in this motion, Center township based its claim to be relieved from the judgment taken against it, upon substantially the same facts which were presented to and considered by this court in its petition for a rehearing, and which were presented to, and ruled upon, by the Marion Superior Court, in its motion in arrest of judgment and for the correction of the mistake in the special findings of facts. Apparently, this motion was prepared with reference to the last clause or sentence of section 396, R. S. 1881, which provides that "The court * * * shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, * * * on complaint or motion filed within two years." It is clear, however, that this statutory provision can have no application to the case in hand.

In *Nelson* v. *Johnson*, 18 Ind. 329, in speaking of section 99 of the civil code of 1852, which was substantially the same as section 396, *supra*, the court said : " This section seems to have reference to cases in which the ground of relief is lim-

ited to the act of taking or rendering the judgment, as in cases of default, and does not look to errors which occur during the progress of a cause where both parties are present in court."

Error of the court in its special findings of facts, no matter how that error may have occurred, is not the mistake of a party, within the meaning of section 396, *supra*, and for which relief may be had thereunder. *Lawler* v. *Couch*, 80 Ind. 369; *Burton* v. *Harris*, 76 Ind. 429.

In *Sharp* v. *Moffitt*, 94 Ind. 240, the court said : " In general, no mistake, inadvertence, or neglect, attributable to the attorney, can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client." Freeman Judg., section 112.

But it is claimed that the motion of Center township for relief from the judgment was an application to the equitable power of the court, and, therefore, ought to have been sustained. Equity will not, however, relieve a party from a judgment at law, where it appears that such party had a valid defence, which he negligently failed to interpose at the proper time. Thus, in *Le Guen* v. *Gouverneur*, 1 Johns. Cases, 436, on page 502, it was said by KENT, J. : "Every person is bound to take care of his own rights, and to vindicate them in due season, and in proper order. This is a sound and salutary principle of law. Accordingly, if a defendant having the means of defence in his power, neglects to use them, and suffers a recovery to be had against him by a competent tribunal, he is forever precluded." Again, on page 505, the following language, which seems peculiarly applicable to the defence of Center township to the cross complaint of the railway company, was used by Judge KENT : " The attention of the respondents upon the trial at law, was, no doubt, occupied in defending themselves on another ground, and, probably, they concluded that the ground which they took was stable and competent. This, however, makes no difference in the case. The law imposes it on every man to know,

at his peril, the strength of his claim, and the soundness and extent of his defence. It indulges him even to make as many separate pleas or kinds of defence as he may deem material, provided it be done in due season. * * * But they (respondents) have chosen to abide by one species of defence, and to waive another, and like other litigants in similar cases, they must be concluded by their election." *Duncan* v. *Lyon*, 3 Johns. Ch. 351 ; *Mc Vickar* v. *Wolcott*, 4 Johns. (N. Y.) 510 ; *Ward* v. *Town of Southfield*, 102 N. Y. 287.

It is claimed, also, on behalf of Center township, in its motion for relief from the judgment, that its counsel did not know, at the time the special findings of facts were made and announced, that the principal machine shops of the railway company were not in Center township, or were in Wayne township. It is not claimed, and, indeed, could not be, that the actual and true facts, as to the exact location of such shops could not have been easily ascertained by slight examination or inquiry, and ordinary efforts. Nor is it claimed that the railway company, or its counsel, knew at the time that its principal machine shops were not located in Center township, or were located in fact in Wayne township, and concealed, or attempted to conceal, the actual facts from Center township or its counsel. On the contrary, one of the grounds specified in the motion for relief, which we are now considering, was that the mistake of fact, as to the location of the principal machine shops of the railway company, had its origin in the mutual mistake of the counsel engaged in the cause. If it be true that the counsel were mutually mistaken as to the fact in question, it can not be said that they could not, by the exercise of ordinary and reasonable diligence, have obtained full and exact knowledge of such fact. In such case equity will afford no relief, "since that would be to encourage culpable negligence." 1 Story Eq. Juris., section 146 ; *Peyton* v. *Kruger*, 77 Ind. 486 ; *Johnson* v. *Herr*, 88 Ind. 280.

For the reasons given, we are of opinion that no error was committed by the Tippecanoe Circuit Court in overruling the

motion of Center township to be relieved from the judgment of the Marion Superior Court.

The judgment is affirmed, with costs.

ELLIOTT, C. J., took no part in the decision of this cause.

Filed Feb. 5, 1887; petition for a rehearing overruled June 30, 1887.