[No. 5389.]
[No. 3039 C. A.]

## Squires et al. v. Curtain.

**Justices of the Peace—Change of Venue—Agreement—Effect.**

Whenever defendants believe that the justice before whom they are sued is prejudiced against them, they can have the venue changed to the next nearest justice; but that right can be waived, and, by consenting to transfer the case to a third justice who has jurisdiction of the subject-matter, they thereby confer upon him jurisdiction of the person.—P. 52.

*Appeal from the County Court of Summit County. Hon. J. W. Swisher, Judge.*

Action by Martha Curtain against L. L. Squires and L. G. Squires. From a judgment of the county court for plaintiff, on appeal from a similar judgment in the justice court, defendants appeal.

*Affirmed.*

Mr. H. R. Belford, for appellants.

Mr. James T. Hogan, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

Appellee brought this action in the justice court before H. C. Rogers, a justice of the peace of Summit county. Appellants, who were defendants, asked for a change of venue because of the alleged prejudice of the justice. In the docket of the justice is the following memorandum: "Breckenridge, Colorado, October 12, 1903. Received of L. L. Squires $1.75 for change of venue to Eli Fletcher's court. H. C. Rogers, Justice of the Peace."

The attorney for plaintiff filed an affidavit upon the 12th of October, wherein he states "that Eli Fletcher, the other justice residing in the town of Breckenridge, is disqualified to act in this case be-

cause said justice is prejudiced against the case and cause of action, and thinks and believes said case should not be tried, and the plaintiff asks that the case be sent to some other court.''

The transcript of the justice's docket then contains the following:

"October 12, 1903, 10 o'clock a. m.

"Court called. By consent of both parties this case was transferred to D. B. Webster, justice of the peace at Kokomo, Summit county, Colorado.''

When the matter was taken before Justice of the Peace Webster, the defendants appeared specially and moved to dismiss the case, for the reason that the court was without jurisdiction, because upon the filing of the application for a change of venue it was the duty of the justice of the peace before whom the action was brought to immediately transmit the papers to the next nearest justice, and Webster, not being the next nearest justice, failed to acquire jurisdiction. This motion was overruled and judgment rendered for the plaintiff. The defendants appealed to the county court, where the same motion was made and it was again overruled and judgment rendered for the plaintiff. There was no appearance for the defendants, either in the justice or county court, except for the purpose of making the motions. The overruling of this motion to dismiss by the county court is the only question before us.

If the defendants believed that the justice of the peace before whom the action was brought was prejudiced against them, they had the right to have the venue changed to the next nearest justice. This, however, is a right which may be waived. The record shows that the case was transferred to Justice of the Peace Webster, by consent of the parties. When the venue is changed by an agreement of the

parties, the court to which the transfer is made has jurisdiction.

In the case of *Judah v. Trustees*, 23 Ind. 275, we find the following:

"The venue was changed from Sullivan to Knox by agreement of parties, and then the appellant specially appeared in the Knox circuit court to object to its jurisdiction, and thereupon moved to dismiss the cause for want of jurisdiction. The motion was overruled and this is assigned for error. The agreement entered of record in the Sullivan circuit court gave the Knox circuit court jurisdiction of the person of the appellant, and the law gives it jurisdiction of the subject-matter of the suit. The point has nothing like either principle or authority to support it."

To the same effect see *Center Twp. v. Commissioners*, 110 Ind. 579; *Salter v. Salter's Creditors*, 69 Ky. 624, and other cases cited in those authorities.

There is no contention that Justice Webster did not have jurisdiction of the subject-matter, and, when the defendants agreed that the case might be transferred to Webster, they conferred upon him jurisdiction of the person. In relation to this matter appellants say:

"This agreement to transfer, only, left the question of jurisdiction to try the cause by Fletcher open to the defendant's objection, which he promptly interposed."

This is too narrow a construction to be placed upon the agreement that "the case is transferred to D. B. Webster." Parties may not in one breath agree to the transfer of a cause and then in the next say that they only agreed to transfer in order to object to its being transferred, because the court had no power to make the transfer. By the agreement to transfer the case to Justice Webster, defendants con-

ferred upon him jurisdiction of their persons, and there was no error in overruling the motion to dismiss because of the lack of such jurisdiction. The judgment of the county court will, therefore, be affirmed.                                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.