STATE EX REL. LANGDON HOSPITAL, INC. *v*. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ET AL.

[No. 20,071. Filed November 10, 1965. Rehearing denied January 3, 1966. Transfer denied March 15, 1966.]

*Frank E. Spencer, Paul T. Rochford,* and *Rochford & Blackwell,* of Indianapolis, for appellant.

*James E. Rocap, Jr., Owen M. Mullin* and *Rocap, Rocap, Reese & Robb,* of counsel, of Indianapolis, for appellees.

WICKENS, J.—On trial of this action by jury, a judgment was rendered against relator-appellant hospital. It had instituted this suit against the Sheriff of Marion County for property damage alleged to have occurred when relator's personal property was removed and stored by the sheriff.

The facts revealed that the sheriff was acting under authority of a writ of execution from Marion County Municipal Court No. 1, which was issued as the result of a previous proceeding. The execution directed the sheriff "to enter upon and deliver possession of" real estate which was then being occupied by relator. Relator was not a party to the case from which the execution was ordered.

Whether relator's cause of action was for negligence or was for unlawful taking and retaining possession of personal property is now disputed by the parties. Certain instructions given by the court without objection might indicate either theory. Because of the result reached, it does not seem necessary to now clarify the theory of the action.

Relator, by its motion for new trial, asserts that the verdict is contrary to law and also complains of the giving by the court of defendants' tendered instruction No. 2 and the court's refusal to give relator's tendered instructions Nos. 2 and 3. These questions relate principally to the

status of a sheriff as to liability when serving process. Also complained of is the refusal of the court to permit introduction of a statement allegedly made by a deputy sheriff.

Relator offered to prove that the deputy sheriff made a statement claimed to be an admission of a party against his own interest. The offer shows the statement of the deputy, in the process of taking possession of the property, was:

"He said this was the dirtiest piece of business that he had ever been involved in. He ask [asked] me to forgive him for what he had done to me, to my mother and to those sick people in that hospital."

The trial court of necessity has discretion on the question of admissibility of statements. To be admissible the statement against interest should be inconsistent with the defense, or it should tend to establish or disprove a material fact. 20 Am. Jur., Evidence, §§ 544, 556.

The statement set out does not qualify as an admission against interest. It appears to be merely the remarks of one who did not enjoy the work required of him. It does not reveal or tend to establish guilty knowledge, negligent act, wilful misconduct or any actionable wrong. We find no error in the refusal of the court to admit such statement.

The instruction given by the court of which relator complains, stated that the sheriff has a duty to act on a writ of execution which appears regular on its face and is issued by a court of competent jurisdiction. It further stated that in performing this duty he is empowered to do incidental things to achieve the principal thing he is commanded to do by the writ and that in such performance he is protected if the acts are done with reasonable care. Relator's tendered instructions refused by the court said:

"The act of a Sheriff or his deputy in seizing under process property not subject to levy is a breach of his official bond for which the surety thereon is liable."

and

> "The Court instructs the jury that the Sheriff or his lawful deputies must know who is the owner of property in levying an execution against the same."

The questions raised by relator all require determination of a sheriff's liability when serving a process of a proper court where the writ, on its face, appears valid.

This subject was explored in a detailed opinion of this court in 1891. The statement there by Judge New are appropriate and controlling here. In that case the sheriff was vested with an order of sale commanding him to sell a certain house. The house was the property of relators and they had possession but were not made parties. The sheriff, there, was charged with wrongfully, maliciously and without right entering the house during a rain storm and removing therefrom into the street the property of relators. There the Appellate Court held against the sufficiency of relators' complaint and found that a demurrer should have been sustained thereto. Essential questions presented here are discussed in that opinion, parts of which we set out.

> "When an execution, or order of sale, issues from a court of competent jurisdiction, and is placed in the hands of the sheriff, it is his duty to execute the same according to its term with reasonable diligence. His duty is ministerial, not judicial. His province is to execute the process regularly delivered to him, and not to sit in judgment upon the regularity of the proceedings upon which it was obtained. Out of this duty arises the necessity of protection to the sheriff.
>
> "If the process, to use the customary legal expression, be *fair on its face,* it will protect the officer. By this is not meant that it shall appear to be perfectly regular, and in all respects in accord with proper practice, and after the most approved form, but what is intended is that it shall apparently be process lawfully issued, and such as the officer might lawfully serve." *Thompson et al.* v. *The State, ex rel. East et al.* (1891), 3 Ind. App. 371, 374, 28 N. E. 996.

In the *Thompson* case, as here, there was also involved per-

sons who were not parties to the suit and as to that the court, at page 375, said:

"The fact, if it be a fact, that the relators had purchased the house and were in possession of it when the foreclosure suit was commenced, and the further fact that they were not made parties to said suit, can not affect the sheriff and his sureties, if the order of sale under which he was acting was fair on its face, and the sheriff proceeded upon it lawfully."

Again, as in this matter, there was involved in *Thompson* an order to take possession of the property and that required removal of personal property belonging to others and on that subject the court, at page 376, said:

"It was the privilege of the sheriff to remove the property of the relators from the house, so far as can be seen from the complaint, not only that the exclusive possession and control of the house might be in himself up to and at the time of the sale, but also that he might thereafter deliver the possession untrammeled and unqualified, if it could so be, to the purchaser."

We find no reason for change in the duty or responsibility of the sheriff since the *Thompson* opinion was written. On that authority we find no error in giving appellees' requested instruction No. 2 and no error in refusing to give appellant's requested instructions Nos. 2 and 3. We further find that the judgment of the trial court is not contrary to law.

Judgment is accordingly affirmed.

Prime, P. J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 211 N. E. 2d 322.