DAVID E. MARSH, B/N/F NATHALIE L. MARSH, DAVID E. MARSH AND NATHALIE L. MARSH *v.* GERTRUDE MARY LESH.

[No. 3-1073A138. Filed April 30, 1975.]

*Francis J. Galvin, Jr.*, of Hammond, for appellants.

*Steven R. Crist*, of Highland, *Timkham, Beckman, Kelly & Singleton*, of counsel, of Hammond, for appellee.

HOFFMAN, J.—Plaintiffs-appellants David E. Marsh, by next friend Nathalie L. Marsh (Marsh) appeal from a negative judgment in an action seeking damages for personal injuries. Such injuries resulted from a parking lot collision between David E. Marsh and defendant-appellee Gertrude M. Lesh (Lesh).

Marsh first questions the constitutionality of Ind. Rules of Procedure, Trial Rule 76, which provides that in civil cases a change of venue shall be granted upon the motion of a party or his attorney.

The instant case was originally filed in Lake County, and a change of venue was had to Porter County. The motion for such change of venue was filed by counsel for defendant-appellee Lesh and stated, in pertinent part:

> "Comes now defendant, GERTRUDE MARY LESH, by her attorney, and shows the Court that the plaintiffs' attorney and her attorney have stipulated and agreed that the above-captioned matter should be venued to the Porter Circuit Court, sitting at Valparaiso, Indiana."

The validity of this stipulation was not questioned by appellants in the trial court, in their brief on appeal, or in oral argument before this court.

Furthermore, the change of venue questioned by appellants was ordered by the Lake Superior Court on September 17, 1971. Following the transfer of the cause to Porter County, appellants appeared in the Porter Superior Court and proceeded with discovery, agreed to a dismissal as to one defendant, and agreed to a pretrial order. Thereafter, on January 30, 1973, nine days before trial, Marsh filed in the Porter

Superior Court a motion to strike and expunge the order of the Lake Superior Court granting the change of venue. Such motion was overruled. The basis for the motion was the alleged unconstitutionality of Trial Rule 76, *supra.*

On appeal, appellants have again attempted to assert the unconstitutionality of such rule. In the case of *Center Township* v. *The Board of Commissioners of Marion County, et al.* (1887), 110 Ind. 579, 10 N.E. 291, our Supreme Court addressed a challenge to a change of venue presented on a record strikingly similar to that in the case at bar. Therein, at 583 of 110 Ind., at 292-293 of 10 N.E., the court stated:

"It is not claimed, or can not be successfully claimed, that the court below had no jurisdiction of the subject of the matters transferred to it upon change of venue. This being so, Wright and others are estopped from claiming, and can not be heard to claim, that the court below had no jurisdiction to hear and determine the very matters, which, as is shown by the record, were transferred to such court for further hearing and determination, *after* they, by their counsel, had, in open court, severally consented to such transfer thereof. When the Marion Superior Court announced, as it did, that it would transfer the matters then pending in this case to the circuit court of Tippecanoe county, and before the honorable judge of such court, if there were no objections, it became the duty of each and every party to the record, if he or they intended to challenge the jurisdiction of that court upon any ground, to state at once his or their objections to such transfer, and the reasons therefor. In such case the party can not remain silent even, and afterwards avail himself of an objection to the jurisdiction, for his silence would preclude or estop him from asserting such objection almost, or quite, as effectively as would his consent in open court to such transfer, *unless,* indeed, the objection goes to the jurisdiction of the subject-matter, which is not and can not be waived."

As demonstrated hereinabove, the record in the case at bar reflects a similar assent to the change of venue by trial counsel for the appellants, and a subsequent acquiescence in such change of venue. Appellant cannot now be heard to object to the venue of this cause. Cf: *Watson* v. *Brady* (1932), 205 Ind. 1, 185 N.E. 516.

The next issue which must be considered is whether the trial court erred in admitting certain evidence which Marsh sought to have excluded through a pretrial motion in limine. The granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. *Burrus* v. *Silhavey* (1973), 155 Ind. App. 558, 293 N.E.2d 794. It must be noted that ordinarily the denial of a motion in limine can occasion no error; the objectionable occurrence is the improper admission of items in evidence. Therefore, the standards of review applicable to questions concerning the admission of evidence must prevail in the case at bar.

In determining the propriety of the admission of certain items in evidence in the case of *Wilson* v. *Dexter, Executor* (1963), 135 Ind. App. 247, at 255, 192 N.E.2d 469, at 473-474, this court stated:

"A close review of the evidence fails to show how the appellants sustained any prejudicial harm and this court will not reverse for error in the admission of evidence unless there is a showing that the appellants were prejudiced thereby. The appellants have wholly failed to point out wherein they were prejudicially harmed by the admission of the evidence complained of, under the theory of the case as submitted to the trial court. [Citations omitted.] Having failed to establish reversible error on the record in this regard, the appellants must wholly fail in this contention. [Citations omitted.]"

In the case at bar, appellants have similarly failed to show this court in what manner they were harmed through the admission of the items enumerated in their motion in limine. Furthermore, a review of such items discloses that no prejudice to the appellants was occasioned by their admission in this cause.

The final issue which must be considered herein is whether the trial court properly excluded from evidence certain statements made by the defendant in her deposition, and offered by the plaintiffs as express admissions of a party-opponent. Such an admission has been defined as a statement against the interest of a party which is incon-

sistent with a defense, or tends to establish or disprove a material fact. *State ex rel. Langdon Hosp., Inc.* v. *Indem. Ins. Co.* (1965), 138 Ind. App. 492, 211 N.E.2d 322 (transfer denied).

An examination of the statements of appellee-Lesh in her deposition which appellants offered as admissions discloses that none of such statements are inconsistent with a defense asserted by her or would tend to establish a material fact in the case. Thus, when such statements were offered as admissions, the trial court properly refused to admit them on such ground.

However, on appeal appellants now assert that such statements were properly admissible under Ind. Rules of Procedure, Trial Rule 32(A). Inasmuch as appellants failed to assert such grounds for admissibility at the time of trial, the ruling would be proper even if such statements could have been admitted under Trial Rule 32(A), *supra.* In the case of *Shilling* v. *Varner* (1913), 181 Ind. 381, at 385, 103 N.E. 404, at 406, our Supreme Court stated:

> "In *Jeffersonville, etc., R. Co.* v. *Riley* (1872), 39 Ind. 568, 589, this court held that where offered testimony was incompetent for the purpose stated in the offer to [5] prove, though competent for another purpose, there was no error in excluding it. *To hold otherwise would often work great injustice, for it would enable an unscrupulous party to intentionally lead the trial court into error, and, in the appellate tribunal, secure an order for a new trial, solely because he successfully concealed from the trial court a legitimate purpose that might have been subserved by the admission of the offered testimony.* It is the duty of counsel to assist the court, and there is no just cause of complaint because the trial court did not look beyond the purpose stated by counsel in the offer to prove." (Emphasis supplied.)

No reversible error having been shown, the judgment of the trial court must be affirmed.

Affirmed.

Staton, P.J., and Garrard, J., concur.

NOTE.—Reported at 326 N.E.2d 626.