Viola ZEPEDA, as Personal Representative of the Estate of Pedro Zepeda, Jr., Deceased, Plaintiff-Appellant,

v.

Albert J. CRESS, Defendant-Appellee.

No. 3–1078A369.

Court of Appeals of Indiana, Third District.

July 16, 1980.

David K. Hawk, Parris, Eggers, Larson & Burt, Fort Wayne, for plaintiff-appellant.

John F. Lyons and William F. McNagny, Barrett, Barrett & McNagny, Fort Wayne, for defendant-appellee.

GARRARD, Presiding Judge.

Viola Zepeda brought this wrongful death action against the defendant, Albert J. Cress. Mrs. Zepeda's husband was killed in the early morning hours of March 27, 1976 when an automobile driven by Cress struck him at a street intersection in the city of Fort Wayne, Indiana.

After a three day trial, the jury returned a general verdict in favor of the defendant. Mrs. Zepeda raises six issues for review but because of our disposition of the first issue, we need not address the others.

At trial Mrs. Zepeda was called to the witness stand by her attorney. She testified generally about her marital relationship with the decedent. Upon cross-examination, she was questioned concerning the whereabouts of her husband during the hours preceding the accident. She stated that he came home from work around 5:45 p. m. on March 26 and left about twenty minutes later with a friend named Dave Kaufman. She testified that she was not with her husband that night and did not know where he went.

At that point, defense counsel asked Mrs. Zepeda if she remembered answering certain questions in a deposition taken prior to trial. He then proceeded to read those questions and answers in front of the jury. In the deposition, Mrs. Zepeda had stated that Dave Kaufman had told her attorneys, who in turn informed her, that Mr. Zepeda had gone to Lombardo's Lounge where he may have had two beers and two mixed drinks. She also was advised by Kaufman through her attorneys that the decedent visited Adam's Rib where he consumed an additional three or four mixed drinks. Counsel for Mrs. Zepeda objected strenuously to this deposition evidence on the grounds that it was hearsay, but the objections were overruled.

Defense counsel continued his interrogation by reading several interrogatories propounded to Mrs. Zepeda and her answers thereto. These answers contained information identical to that above but also revealed that Mrs. Zepeda had been informed through the same means that her husband had one or two beers at a place called Heredia's Lounge. The same hearsay objections were made and overruled. Mrs. Zepeda contends that the admission of this evidence was erroneous and that she was prejudiced thereby. We agree.

Indiana Rules of Procedure, Trial Rule 32(A) provides in pertinent part,

"(A) Use of depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, *so far as admissible under the rules of evidence applied as though the witness were then present and testifying,* may be used against any party who was present or represented at the taking of the deposition, by or against any party who had reasonable notice thereof or by any party in whose favor it was given in accordance with any one [1] of the following provisions: . . . ."

(emphasis added). In commenting upon this rule Dean Harvey stated,

"As is the case in all instances of the use of depositions authorized by the various paragraphs under Rule 32(A), the use of the deposition of an adverse party is limited by the words 'so far as admissible under the rules of evidence.'"

2 W. Harvey, Indiana Practice, Rules of Procedure Annotated 662 (1970) (Author's Comments). Furthermore,

"[T]he rules of evidence shall be applied to depositions as though the witness were present and testifying in court. Thus, if a deposition contains hearsay it may be inadmissible for that reason, as would the statement be inadmissible if a

witness were to attempt to speak it in court."

*Id.* at 660. Trial Rule 33(B) has a similar provision relating to the use of interrogatories at trial: "Interrogatories may relate to any matter which can be inquired into under Rule 26(B), *and the answers may be used to the extent permitted by the rules of evidence."* (emphasis added).

■ In *Harvey v. State* (1971), 256 Ind. 473, 269 N.E.2d 759, the Indiana Supreme Court utilized the following definition of hearsay,

> " 'Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.' (McCormack, Evidence § 225)."

*Id.* at 476, 269 N.E.2d at 760. Mrs. Zepeda's answers to the deposition and interrogatories regarding her husband's consumption of alcohol were based on information supplied to her by an out-of-court declarant (Kaufman). These statements were offered for the purpose of proving the truth of the matter asserted therein. They were clearly hearsay. *Hobby Shops, Inc. v. Drudy* (1974), 161 Ind.App. 699, 317 N.E.2d 473; *American United Life Insurance Co. v. Peffley* (1973), 158 Ind.App. 29, 301 N.E.2d 651. *See also Ikerd v. Lapworth* (7th Cir. 1970), 435 F.2d 197.

Cress contends that Mrs. Zepeda's answers were admissible because they constitute the admissions of a party opponent.[1]

■ An examination of the record clearly belies this assertion. In both the deposition and the answers to interrogatories Mrs. Zepeda made no indication that she acknowledged the factual truth of the matters reported or intended to adopt them as true. Instead, in each instance, she clearly pointed out that the responses relating to her husband's consumption of liquor were obtained from others and that she was merely restating what she had been told.

■ Both the letter and the spirit of the discovery rules required her to report these hearsay matters that had come to her attention since they might be reasonably calculated to lead to the discovery of admissible evidence. *See, e. g., Chambers v. P.S. C.I.* (1976), 265 Ind. 336, 355 N.E.2d 781; *Costanzi v. Ryan* (1978), Ind.App., 370 N.E.2d 1333.

It would therefore not only be contrary to the express language of the rules regarding admissibility at trial, it would be a perversion of the fair trial purposes of the discovery rules to hold that by discharging her duty to provide the information she rendered otherwise inadmissible evidence admissible. It was error to admit this evidence.

■ Still, as an appellate court, we will not reverse for error in the admission of evidence if the aggrieved party was not prejudiced thereby. *Marsh v. Lesh* (1975), 164 Ind.App. 67, 326 N.E.2d 626. The jury returned a general verdict and we do not know if there was a finding of no negligence or a finding of contributory negligence. However, due to the substantial evidence of Cress' own intoxication, we are unable to say that clearly Cress was not negligent.

■ Cress contends, however, that even without the inadmissible testimony, there was other evidence from which the jury could have concluded that Mr. Zepeda was intoxicated. The only non-hearsay testimony regarding the decedent's drinking was Mrs. Zepeda's statement that she smelled beer on her husband's breath when he got home from work and the statement of Fred Heredia, owner of Heredia's Lounge, who testified that Mr. Zepeda had had two beers in his establishment. However, Heredia also testified that the decedent did not look intoxicated to him. This evidence is certainly not sufficient to compel a finding

---

1. It is not urged that the evidence was offered to impeach Mrs. Zepeda, nor would such a position be well taken. Her testimony at trial concerned her personal knowledge. Her answers to discovery concerned simply what had been reported to her by others.

that Zepeda was, himself, negligent. The potential prejudice of the hearsay remarks thus becomes apparent.

■ Finally, Cress maintains that apart from the issue of intoxication, there was sufficient evidence from which the jury could have concluded that the decedent was contributorily negligent. After a careful review of the record, we are unable to say that such evidence was so conclusive as to render the erroneously admitted evidence harmless.

Reversed and remanded for a new trial.

STATON and HOFFMAN, JJ., concur.