**In re the Marriage of Betty L. MARIA-NOS, Appellant (Petitioner below),**

v.

**George MARIANOS, Appellee (Respondent below).**

No. 2–881A281.

Court of Appeals of Indiana, Second District.

Feb. 23, 1982.

Marvin E. Coffey, Indianapolis, for appellant.

Robert A. Burns, Condos & Burns, Indianapolis, for appellee.

SHIELDS, Judge.

Betty L. Marianos (Betty) appeals the action of a special judge in her dissolution

proceeding and raises five issues for our review. Because we reverse, we need only address Betty's contention that the trial court's decision granting a change of venue from the judge was contrary to law and an abuse of discretion. We agree and therefore reverse and remand for further proceedings.

A chronology of events is beneficial in resolving this issue:

July 2, 1979—Betty files her petition for dissolution of marriage and for division of property.

July 8, 1980—Trial held.

July 15, 1980—Decree of dissolution entered and filed.

September 23, 1980—Betty files Petition to Set Aside Pending Decree, Request for a New Hearing and Accounting and Restraining Order for Disposing of Marital Assets.

October 3, 1980—George files Motion to Dismiss Petition to Set Aside Decree.

October 7, 1980—George files an unverified Motion for Change of Venue from Judge.

October 11, 1980—Betty files objections to Motion for Change of Venue from Judge.

October 13, 1980—Trial judge grants Motion for Change of Venue from Judge.

April 16, 1981—Special Judge Huse denies petition to set aside and sustains motion to dismiss.

The decree of dissolution entered on July 15, 1980, omitting formal parts, reads as follows:

"Comes now the Petitioner, BETTY L. MARIANOS, in person and by Counsel, and also comes the Respondent, GEORGE MARIANOS, and the cause being at issue, the date of hearing being more than sixty (60) days from the date of issuance of the summons served on the Respondent, which summons was served ten (10) days before the summons was made returnable, the cause of action submitted on the complaint of Petitioner, alleging statutory grounds for dissolution are true, and the Petitioner is entitled to a dissolution of marriage.

"The Court further finds that the parties were duly married on the 30th day of May, 1951, and separated on the 29th day of June, 1979, and have not lived together as husband and wife since the last named date.

"That there were seven (7) children born of this marriage, all of whom are emancipated.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the marriage be dissolved;

2. That the petitioner shall receive the furniture.

3. That the real estate of the parties is to be sold; if not sold within 30 days, petitioner's attorney shall notify the Court and the Court shall designate a real estate agent to list said property for sale.

4. That the respondent is to file a list of debts of the marriage with the Court stating the date incurred and the balance due within 30 days.

5. That the proceeds from the sale of the real estate will be distributed as follows:

a. To pay all costs incurred as sale expenses;

b. To pay Kathleen Madinger Angelone the sum of $200.00;

c. Remainder to be paid into Court for the Judge's determination for final distribution."

The judgment order entered by Special Judge Huse on April 16, 1981, omitting formal parts, reads as follows:

"Comes now the Petitioner, Betty L. Marianos, in person and by counsel, Marvin E. Coffey, and files her Petition to Set Aside Decree:

(H.I.)

"And comes now the Respondent, George Marianos, in person and by counsel, Robert A. Burns, and files his motion (sic) to Vacate Hearing, Order and to Dismiss Petition to Set Aside Decree:

(H.I.)

"And all matters now being at issue, and a hearing having previously been held in this matter on December 5, 1980 wherein evidence was heard by the Court and argument of counsel presented, and further hearing and argument of counsel heard on April 13, 1981.

(H.I.)

"And the Court being fully advised in the premises and having examined the relevant evidence, law and documents filed of record now FINDS that the Petitioner has failed in her burden and hereby DENIES said Petition to Set Aside Decree, and SUSTAINS Respondent's Motion to Dismiss.

"The Court finds the marriage of the parties has been previously dissolved on July 8, 1980 by order of the Honorable Betty Barteau, Judge Marion County Superior Court, Civil Division, Room No. 3 subject to final sale of the family residence and distribution of the proceeds thereof including the proceeds of a fire insurance claim.

"The Court further finds that the home has been sold, all encumbrances satisfied, and the net proceeds totaling in excess of Thirty-Nine Thousand Nine Hundred Eighty-six Dollars ($39,986.00) is on deposit in an interest bearing Escrow account in Fletcher Savings and Loan in Indianapolis.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Petition to Set Aside Decree filed by Petitioner is hereby Dismissed with prejudice, costs paid.

"IT IS FURTHER ORDERED, that Petitioner and Respondent each be awarded one-half (½) of the accumulated net proceeds of the marital residence now on deposit in the Fletcher Savings & Loan Association escrow account as the respective share of the remaining marital assets of the parties, in addition to previous distributions by the Judge of Superior Court, Civil Division, Room No. 3. Both Petitioner and Respondent are hereby granted all right and title to one-half (½) of said funds absolutely without further order of this Court. All of which is ORDERED this 16th day of April, 1981."

Betty contends the trial court's order of July 15, 1980 was not a final and appealable order and her motion of September 23, 1980 was merely an extension of the original action and not a new cause of action. Therefore, Betty concludes the automatic change of judge provisions were not applicable as more than thirty (30) days had elapsed since the petition for dissolution was filed. George Marianos (George) argues that Betty's petition of September 23, 1980 was a new cause of action because the trial court's order of July 15, 1980 was a final and appealable order. Consequently, he argues his motion for change of judge was timely filed.

"... To be appealable as a final judgment, an order or judgment must be one which finally determines the rights of the parties involved; or, if it does not dispose of all the issues, it will still be appealable if it disposes of some distinct and definite branch of the proceedings leaving no further question for future determination by the court as to that particular issue."

*Geib v. Estate of Geib*, (1979) Ind.App., 395 N.E.2d 336, 337 (Citations omitted, quoting *Krick v. Farmers and Merchants Bank, Adm.*, (1972) 151 Ind.App. 7, 15, 279 N.E.2d 254, 259.)

■ The trial judge's order of July 15, 1980 was not a final and appealable order because it did not finally determine *all* the rights of the parties involved. There is no indication as to how the proceeds of the sale of the house, which was apparently the major marital asset, were to be distributed. Judge Barteau heard the evidence on July 8, 1980 regarding the issues raised by the petition for dissolution, yet Special Judge Huse made the determination in his order of April 16, 1981 as to how the proceeds of the sale of the house were to be divided. Clearly the manner of distribution of the proceeds was left open by Judge Barteau's original decree. Since this decree did not specify how the property was to be distrib-

uted, it was not an appealable final judgment. Consequently, Betty's petition of September 23, 1980 was not a new cause of action, but rather was a continuation of the original action begun July 2, 1979. Therefore, we must determine if George is permitted a change of judge without cause.

Indiana Rules of Procedure, Trial Rule 76 governs change of venue and provides in relevant part:

"(1) In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the county and only one [1] change from the judge.

(2) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application . . . shall be filed not later than ten [10] days after the issues are first closed on the merits.

(3) Provided, however, in those cases where no pleading or answer may be required to be filed by the defendant party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days after the filing of such case within which to request a change from the judge or the county."

Paragraph 3 is applicable to actions for dissolution because a responsive pleading is not required. I.C. 31–1–11.5–4 (Burns Code Ed., Repl. 1980). A timely motion for change of venue from the judge was required by August 2, 1979. The motion, however, was not filed until October 7, 1980. Therefore, it was not timely and the trial judge erred in granting the motion.

■ George further alleges Betty's arguments must fail because she failed to show how she was prejudiced by the trial court's action. However, in *Otte v. Tessman*, (1981) Ind., 426 N.E.2d 660, 662, the supreme court adopted the language of Judge Staton in his dissenting opinion to the court of appeals' decision (*Otte v. Tessman*, (1981) Ind.App., 412 N.E.2d 1223, Staton, J., dissenting):

"If the failure to obey the clear explicit dictates of the Indiana Rules of Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun. If the clear, explicit meaning of the Indiana Rules of Procedure can be re-written by judicial opinion to avoid the consequence of a violation, then, the shroud of confusion will prevent any meaningful, just and predictable solution to those disputes which must be resolved in our courts." 412 N.E.2d at 1232.

*Accord: Sowers v. Sowers*, (1981) Ind.App., 428 N.E.2d 245. Further, in this case, prejudice is self-proving. Special Judge Huse did not hear any evidence on the issue of the division of property, nor did he have before him a record of the evidence presented on that issue to Judge Barteau. Prejudice can be assumed when a judgment is entered on an issue without consideration of the evidence on that issue.

■ George finally argues Betty's alleged failure to object to the assumption of jurisdiction by the special judge on the record is fatal. We disagree. Betty did object to the motion immediately after it was filed and before it was granted. This objection preserved the issue for appeal. *State of Indiana, Relator v. Hancock Superior Court*, (1979) Ind., 383 N.E.2d 1042; *Center Twp. v. Bd. of Commissioners of Marion Co.*, (1887) 110 Ind. 579, 10 N.E. 291; *Marsh v. Lesh*, (1975) 164 Ind.App. 67, 326 N.E.2d 626.

Therefore, because Judge Barteau's decree of July 15, 1980 was not a final and appealable judgment, the trial court erred in allowing George a change of judge in the pending cause and all actions of Special Judge Huse were a nullity due to his lack of jurisdiction in the case.

Reversed and remanded for proceedings not inconsistent with this opinion.

BUCHANAN, C. J., and SULLIVAN, J., concur.